Katie Stella, Appellee, v. Paolo Mosele et al.,
Defendants.
Appeal of Dominick Varraveto, Appellant.

Gen. No. 40,566.

54 

 Opinion filed February 14, 1939. 

DEFREES, BUCKINGHAM, JONES & HOFFMAN, of Chicago, for appellant; VINCENT O'BRIEN and ARTHUR O. GRAVES, both of Chicago, of counsel.

TAYLOR, CUTTONE, PARTRIDGE & PARKER, of Chicago, for appellee; ODE L. RANKIN, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Dominick Varraveto, individually and as trustee, appeals from an interlocutory order of the superior court appointing a receiver in a foreclosure proceeding, upon plaintiff's verified complaint which alleged in substance that the debt is overdue, the insurance unpaid, that there were defaults in the payment of taxes and certain sums required to be paid into a sinking fund under the provisions of the trust deed, and that the equity had been conveyed to third persons after the mortgage was executed. The complaint incorporates the trust deed which pledges the rents as additional security and stipulates for the appointment of a receiver in case of default. There are no allegations that the security is inadequate or scant, and no showing is made as to the fair appraised value of the property. In drawing and presenting the complaint as the basis for the appointment, plaintiff relied solely on the allegations showing substantial defaults under the covenants of the trust deed, the provision pledging the rents and income as additional security for the indebtedness and that a receiver be appointed in the event of default. The law is well settled, however, that the provisions of a trust deed for the appointment of a receiver should not be enforced unless equitable considerations so require, and that an application for a

receiver in a foreclosure proceeding is an appeal to the discretion of the court and not an absolute right which may be asserted in pursuance of the prior agreement of the parties as shown in the trust deed. In *Frank v. Siegel*, 263 Ill. App. 316, eight of the nine justices then sitting in the Appellate Court for the first district concurred in the doctrine that "even though the trust deed conveys the rents and profits as security and provides that a receiver of the premises may be appointed upon default in the payment of any of the indebtedness, a receiver should not be appointed solely upon the allegations of a bill to foreclose that there is such a default and a general allegation that the security is scant." In that case the bill alleged in a general way that the security was inadequate; nevertheless, we held that in order to justify the appointment of a receiver it was incumbent on complainant to present facts from which the court could reasonably determine that the appointment was necessary for some equitable reason which would impel the court to exercise its discretion in favor of the appointment. The complaint in the case at bar does not even allege in general terms that the security was scant or inadequate; nor is there any allegation whatsoever with reference to the value of the property, the income thereof, or that plaintiff will suffer any loss or damage if a receiver is not appointed immediately.

Plaintiff concedes that she has not met the burden placed upon her of showing sufficient facts to justify the appointment of a receiver under the rule enunciated in the case of *Frank v. Siegel*, but she attempts to avoid the effect of that decision by relying upon a portion of Rule 21 of the Appellate Court pertaining to interlocutory appeals. It is argued that this was an *ex parte* application and that the defendant did not as a condition precedent to his right of appeal present a motion to vacate the order in the trial court, and therefore the appeal should not be entertained. The

record discloses that September 21, 1938, notice was served upon defendant and a tenant in possession, of an application for a receiver for the property upon the verified complaint. When the motion came up for hearing before the chancellor September 23, 1938, it was continued to September 30, and on the latter date it was again continued to October 20, 1938, upon condition that the owner of the equity would pay $350 toward taxes on the property before the matter was again heard. It further appears that on October 21, 1938, Varraveto, the owner, obtained an extension to October 26, 1938, in which to answer the complaint, but that on October 21 the court entered its order appointing the receiver from which this appeal is prosecuted. The record further shows that Varraveto and his wife were represented in court by counsel upon the hearing of the motion, and objected to the appointment, and also excepted to the order then entered. The record does not disclose, however, the reasons supporting the objection.

The fallacy of plaintiff's contention as we see it, is that the application and appointment in this case were not *ex parte,* but were made pursuant to notice and over the objection of Varraveto. The phrase, *ex parte,* was defined in *City Nat. Bank & Trust Co. v. Davis Hotel Corp.,* 280 Ill. App. 247, as a judicial proceeding brought for the benefit of one party only, and without notice to or contest by any person adversely interested, and we there held that this definition is applicable to the phrase *ex parte* as used in Rule 21 of this court, and that "the purpose of the rule was to prevent appeals from orders entered under circumstances indicating only partial and one-sided consideration." Under this construction of Rule 21 the application for and the appointment of the receiver in the instant case was not an *ex parte* proceeding. It was unquestionably intended by the enactment of Rule 21 that appeals should not lie from *ex parte* orders, be-

cause courts ought to have an opportunity to rectify mistakes that may have been made through the presentation of a motion in the nature of an injunction or for the appointment of a receiver, where only one side appeared before the court, by a subsequent motion to vacate the order. Nevertheless, it is clear that the rule and the reason underlying it was intended to apply only to *ex parte* proceedings in fact, and not to causes where notice was served and the opposing party appeared and objected to the appointment.

Plaintiff takes the position that because the record does not show specific objections and exceptions by defendant, the application and appointment were *ex parte* within the meaning of the rule, and it is argued that defendant should have filed an answer in which he assumed the burden of showing that a receiver should not be appointed. The law is otherwise, however. The burden of making a proper showing for the appointment of a receiver is cast upon the plaintiff, and Rule 21 does not change or modify this requirement, nor does it nullify the holding in *Frank v. Siegel, supra,* that the burden is upon the applicant for a receiver to present facts by his verified bill, petition, or evidence showing the necessity for such an appointment.

Where an application is made for the appointment of a receiver, it is incumbent upon the court to examine the bill to ascertain whether a proper showing is made. Any answer that might have been filed by defendant would not remedy the defect of the complaint in failing to set forth adequate ground for appointing a receiver.

We are of the opinion that the appointment was improvidently made upon the record here presented, and therefore the order of the superior court is reversed.

*Order reversed.*

BURKE, P. J., and JOHN J. SULLIVAN, J., concur.