206 P.2d 258

STATE ex rel. DAVIE et al. v. BOLTON, Justice of the Peace.

No. 5174.

Supreme Court of New Mexico.

May 3, 1949.

William E. Aulgur, of Farmington, for appellants.

J. J. DeWeerd, of Farmington, for appellee.

McGHEE, Justice.

The appellants seek the reversal of a judgment denying them a writ of prohibition against a justice of the peace.

The relators joined in filing suit in the justice court of Precinct 12 in San Juan County against A. L. Boles on open accounts severally claimed owing to them individually and had Carol Spencer summoned as garnishee. An affidavit was filed stating that the defendant was a nonresident of New Mexico and that it would be necessary to procure service upon him by publication, whereupon the justice signed the notice which was published in a local newspaper warning the defendant to appear on or before July 1. On July 3d the justice signed a judgment against the defendant and garnishee for $185.40, the total of the claims, and for $38.40 as costs, but dated it back to July 1.

It appears that when the judgment was entered the justice, instead of placing it in the file jacket, took it to his home where it remained in a coat pocket for some time. On July 22d an attorney for the defendant called at the office of the justice of the peace and asked whether a judgment had been entered, and also asked to see the file. The justice was absent from the office on account of illness but his wife showed the file to the attorney, but as the judgment was still in the coat pocket of the justice at his home the attorney took it for granted a

judgment had not been entered, and shortly thereafter filed a general denial to the action on the accounts and a traverse of the affidavit for the writ of garnishment. On July 26th the justice returned to his office and advised the attorney for the defendant of the entry of the judgment, whereupon leave was procured to withdraw the answer and traverse of the affidavit in garnishment, and motions of various kinds were filed, directed against the misjoinder of parties plaintiff, the notice of publication, affidavit for the writ of garnishment, the bond in garnishment, the return day of the writ of garnishment, and the date of the rendition of the judgment, and for a bill of particulars.

The motion of the defendant for a bill of particulars was set for hearing by the justice, whereupon the relators filed their petition for a writ of prohibition in the district court seeking an order forbidding the justice from hearing any of the motions or vacating the judgment theretofore rendered.

█ Notwithstanding the many defects and irregularities in the proceedings, not the least of which was the rendition of a personal judgment on substituted service of process, when the defendant entered the various general appearances he stepped into a bear trap so far as the judgment was concerned, for it was held by this court in Crowell v. Kopp, 26 N.M. 146, 189 P. 652, that the effect of a general appearance aft-

er judgment is to waive all questions as to the jurisdiction of the person of the defendant, and that such a defendant is deemed to be in the same position as any ordinary defendant who has defaulted, and against whom judgment, with jurisdiction, has been taken.

█ In this state a justice of the peace is without power to set aside his judgments or grant a new trial. Pickering v. Palmer, 18 N.M. 473, 138 P. 198, 50 L.R.A.,N.S., 1055.

█ It is stated in High on Extraordinary Remedies, Sec. 777, that a writ of prohibition will be granted to restrain a justice of the peace from allowing a new trial after the time therefor has expired. See also Burroughs v. Taylor, 90 Va. 55, 17 S. E. 745.

█ As the justice was about to exceed his jurisdiction over the parties and subject matter of the case, the trial court should have made the writ of prohibition absolute. State ex rel. Lynch v. District Court, 41 N. M. 658, 73 P.2d 333, 113 A.L.R. 746.

When the defendant's attorney learned that the judgment had been entered his time for an appeal had expired, but there was still ample time to get a writ of certiorari and thus obtain a trial de novo in the district court.

█ We have stated many times that the writ of prohibition may not be substituted

for a writ of error or an appeal where the lower court has jurisdiction of the parties and the subject matter, and we here reaffirm those holdings, but for the reasons stated the judgment will be reversed and the case remanded to the district court, with instructions to grant the writ, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.