232 P.2d 699

**SANCHEZ v. GONZALES et al.**

No. 5402.

Supreme Court of New Mexico.

June 8, 1951.

Leonard C. Jones and Herbert A. Holt, Espanola, for appellant.

Samuel Z. Montoya, Santa Fe, for appellees.

McGHEE, Justice.

The question for determination in this case is whether a justice of the peace who has allowed an appeal and approved a tendered appeal bond may permit a surety to withdraw, and thereby frustrate the appeal.

· On April 14, 1949, the justice rendered judgment in favor of the plaintiff below (appellant here) against the defendants (appellees here) for $168.00, interest and costs. We will refer to the parties as they appeared below. An appeal was asked for and granted to the District Court and an appeal bond with two sureties was filed and approved on April 20, 1949. On April 23, 1949, the justice allowed one surety to withdraw from the bond. On May 9, 1949, a new bond with two sureties was tendered and apparently approved, although it ran to the State of New Mexico instead of to the plaintiffs.

On August 16, 1949, the plaintiff moved to dismiss the appeal because it had not been taken within the ten-day period after the rendition of judgment, failure of the transcript to include the docket entries of the justice of the peace court, and defects in the bond of May 9.

Following a hearing on the motion on October 6, 1949, Judge Carmody ordered the justice to submit his docket entries to the court, and reserved decision pending the receipt thereof. After their receipt, an order was entered reciting the entries showed the filing and approval of the appeal bond by the justice, and declaring the subsequent acts of the justice (allowing a surety to withdraw and making some disposition of the bond) were beyond his jurisdiction. The denial of the motion to dismiss was conditioned on the furnishing of a new appeal bond by the defendants within 48 hours, which was done.

On May 19, 1950, Judge Carmody entered an order recusing himself and designating Judge Swope to hear the case. Thereupon the plaintiff filed a second motion to dismiss the appeal on the following grounds:

" * * * that the Court has no jurisdiction of the subject matter for the following reasons:

"1. That such appeal has not been taken within the time prescribed by statute.

"2. That no transcript of the entries in the docket of the Justice of the Peace relating to the case was filed within the statutory period allowed for perfecting an appeal.

"3. That the Order of the District Court, made on August 19, 1949, directing the Justice of the Peace to submit a transcript, was ineffective for lack of statutory authority.

"4. That no bond in compliance with the statute in such case made has been filed with the Court, more particularly:

"(a) That the purported appeal bond, executed on May 9, 1949, contains the following defects, among others:

"(1) The general form thereof is that of a criminal appeal bond.

"(2) It was not made in favor of the adverse party herein.

"(3) It was not timely filed.

"(4) It was approved by a Notary Public.

"(b) That the order of the District Court, made on October 6, 1949, granting appellants leave to furnish another bond, was ineffective for lack of statutory authority, that the approval of such bond on October 6, 1949, is also ineffective, and said bond is invalid."

The cause came on for hearing and Judge Swope denied the second motion to dismiss. The plaintiff thereupon stood on his motion and refused to proceed with his proof. Judgment was then entered for the defendants and this appeal followed.

In Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577, this court held an appeal was perfected from a judgment rendered by a justice of the peace when it had been granted or allowed pursuant to a petition therefor, and a bond filed and approved. This is what happened here, and we find no authority for the justice of the peace to thereafter allow a surety to withdraw and thus defeat the appeal. See Anno., 117 A.L.R. 1386. When the justice approved the bond on April 20, his jurisdiction was at an end, except for preparing and certifying the transcript and transmitting it with the files to the Clerk of the District Court. In State ex rel. Davie v. Bolton, 53 N.M. 256, 206 P.2d 258, we held a justice of the peace was without power to set aside his judgments or grant a new trial, and directed that he be prohibited from hearing a motion for a bill of particulars after entry of judgment.

It is true the original bond approved by the justice was destroyed or given to the surety who attempted to withdraw, but, as above stated, a new bond was given pursuant to the order of Judge Carmody and it is not claimed it was insufficient or the sureties could not respond for the amount thereof. The contention of the plaintiff

that the District Court did not acquire jurisdiction to hear the case is without merit.

The judgment is affirmed, and it is so ordered.

LUJAN, C. J., and SADLER and COORS, JJ., concur.

COMPTON, J., not participating.