569 P.2d 948
**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Arturo Gomez VEGA,
Defendant-Appellee.**

No. 2973.

Court of Appeals of New Mexico.

Sept. 13, 1977.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for appellant.

Anthony F. Avallone, Las Cruces, for appellee.

## OPINION

WOOD, Chief Judge.

Defendant pled guilty in magistrate court to various offenses and paid a substantial fine. Subsequently, he moved to set aside his guilty plea. The magistrate entered an order setting aside the guilty plea. Ultimately, the district court ordered dismissal of the magistrate court charges. The State appeals. We discuss: (1) validity of the magistrate court order setting aside the guilty plea, and (2) authority of the magistrate to set aside its judgment in a criminal case. The magistrate court rules applicable to this appeal are the Rules of Criminal Procedure for the Magistrate Courts, adopted by the Supreme Court effective October 1, 1974 and appearing in §§ 36–23–1 through 36–23–40, N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975). In the subsequent discussion we refer to the rules by number only.

The docketing statement and the district court file in this case indicated that defendant may have proceeded ex parte in obtaining the order setting aside the guilty plea. Accordingly, our calendar assignment directed that *all* district court proceedings and the original of all magistrate court records be included in the transcript. That has been done. These records show the history of this case. The history follows.

(a) A criminal complaint, dated July 7, 1975, charged defendant with five charges, including driving while under the influence of "alcoholic liquor", driving "under revocation" (presumably his driver's license had been revoked), and resisting arrest. Defendant pled guilty to the five charges on July 14, 1975; a "final order" was entered on that day. Defendant paid the various fines and court costs, apparently, on July 29, 1975.

(b) Defendant, by written motion, sought permission to withdraw his plea of guilty, asserting that "he entered the plea inadvisedly and without due consideration for an adequate defense that he has and without the advice of counsel in the circumstances, although he was aware that he had a right to counsel at the time, and further that the interests of justice will be served if the motion is granted." The order on this motion begins on the same page as the motion. The order, signed by the magistrate, grants the motion to withdraw the guilty plea and enters a plea of not guilty on defendant's behalf.

(c) Neither the motion nor order referred to in paragraph (b) above carry a date, show a filing date, or show a certificate of service. There is nothing showing that the State was informed either that the motion was filed or that the order was entered. The date the motion was filed and the date the order was signed by the magistrate were disputed. In subsequent mandamus proceedings, Attorney Avallone testified that the motion was filed and the order entered within a few days after August 5, 1975. However, the magistrate testified that these events occurred two or three weeks before May 28, 1976.

(d) In either April or May, 1976, defendant moved to dismiss the magistrate court charges on the basis that more than six months had elapsed since filing of the magistrate court charges. This motion does not carry a date, there is no filing date and no certificate of service. The date of filing the motion was disputed; in the mandamus proceedings the magistrate testified that he received the motion to dismiss sometime in May, 1976. It appears undisputed that upon receipt of the motion, the magistrate denied the motion without notice to the State and without a hearing.

(e) In July, 1976, defendant brought a mandamus proceeding against the magistrate in district court. The petition for the writ of mandamus alleges the magistrate had denied the motion to dismiss (see paragraph (d) above) and had set the matter for trial. The mandamus proceeding sought dismissal of the magistrate court charges. After trial, the district court concluded that mandamus was not a proper remedy and dismissed the mandamus proceeding. This occurred in August, 1976.

(f) On January 20, 1977, the magistrate entered a second "final order" in connection with the magistrate court charges. This second final order recites that the parties appeared and agreed that the magistrate had "no jurisdiction or power in this case". The parties treat this order as a dismissal, although this order does not purport to dismiss the magistrate court charges.

(g) Defendant appealed to the district court from the "final order" of January 20, 1977. The State moved to dismiss defendant's appeal asserting the district court lacked jurisdiction because the magistrate court lacked jurisdiction to permit withdrawal of the plea of guilty. It does not appear that this motion, filed in February, 1977, was ever ruled on.

(h) In April, 1977, the district court ordered the magistrate court charges dismissed. The order recites that the court "heard counsel upon an agreed statement of facts". We have not been advised of these agreed facts.

We are not concerned with defendant's efforts seeking dismissal, under Rule 16(b), for failure to prosecute within six months from the date of the complaint. Nor are we concerned with procedural irregularities subsequent to the order permitting defendant to withdraw his guilty plea. The key to this appeal is the motion and order concerning withdrawal of the guilty plea.

### Validity of the Order Setting Aside the Guilty Plea

To date, there has not been a judicial determination of when the motion to withdraw the guilty plea was filed or when the order granting the motion was entered. In the mandamus proceedings, the district court found the date of filing the motion and date of entry of the order were disputed questions of fact. In the so-called "appeal" from the magistrate's "final order" of January 20, 1977, the district court ordered the magistrate charges dismissed upon "agreed facts" of which we have not been informed. On appeal, the State does not contend that this factual question should be resolved. The docketing statement appears to adopt Attorney Avallone's testimony in the mandamus proceedings when it asserts that the motion was filed on or about August 5, 1975. With this appellate posture, the fact of when the motion was filed will remain unresolved.

■ Assuming the order allowing withdrawal of the guilty plea was filed August 5, 1975, was the order valid? No.

The undisputed showing is that the order was entered in an ex parte proceeding. See paragraph (c) above. By an ex parte proceeding we mean a proceeding "in which relief is obtained by one party without notice to or an opportunity to contest being given to other parties who will be bound or directly affected by the proceeding." *White v. State*, 457 P.2d 650 (Alaska 1969); see *Stella v. Mosele*, 299 Ill.App. 53, 19 N.E.2d 433 (1939); *Ex parte City of Ashland*, 256 Ky. 384, 76 S.W.2d 43 (1934).

■ Such ex parte proceedings are not contemplated by the applicable rules. Rule 2(a) required service of the motion; this was not done. Rule 2(e) required a proof of service; this was not done. Rule 3(c) contemplates service of notice of hearing on the written motion; this was not done. Neither notice nor an opportunity to be heard was given the State in violation of the applicable rules. By the State, we mean the prosecutor; the magistrate's function in acting on the motion ex parte was not on behalf of the State because the powers of the magistrate and the prosecutor, historically, are separate. *In re Oliver*, 333 U.S. 257, 92 L.Ed. 682, 68 S.Ct. 499 (1948), concurring opinion of Justice Rut-

ledge at 333 U.S. 278. The notice required to be given was notice to the prosecutor. See Rule 7(b).

*Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932) states:

"It never has been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps essential to the passing of an enforceable judgment, and that they, together with a legally competent tribunal having jurisdiction of the case, constitute basic elements of the constitutional requirement of due process of law."

█ The requirements of notice and opportunity to be heard apply to magistrate court proceedings. Rule 7(b). The order setting aside the guilty plea was invalid because of lack of notice to, and lack of opportunity for, the State, as prosecutor, to be heard in connection with defendant's motion to set aside his guilty plea. See *Cook v. Klopfer*, 86 N.M. 111, 520 P.2d 267 (1974); *Eaton v. Cooke*, 74 N.M. 301, 393 P.2d 329 (1964); *Board of County Com'rs of Sierra County v. Boyd*, 70 N.M. 254, 372 P.2d 828 (1962); *Adams & McGahey v. Neill*, 58 N.M. 782, 276 P.2d 913, 51 A.L.R.2d 830 (1954).

The result is that defendant's guilty plea and the "final order" of July 14, 1975 based on the guilty plea remain in effect. Accordingly, the April, 1977 order of the district court ordering dismissal of the magistrate court charges was erroneous.

### Authority of the Magistrate to Set Aside its Judgment

Although the magistrate's order setting aside the guilty plea is invalid, the motion to set aside the guilty plea remains pending. Does the magistrate have authority to set aside its "final order" (see Rule 27) entered on the basis of defendant's guilty plea?

N.M. Const., Art. VI, § 26 required the Legislature to establish "a magistrate court to exercise limited original jurisdiction as may be provided by law." Section 36–1–1, N.M.S.A. 1953 (2d Repl.Vol. 6) established a magistrate court of "limited original jurisdiction". Neither of these provisions attempt to define the *extent* of this limited jurisdiction.

█ The reference in N.M. Const., Art. VI, § 26 and § 36–1–1, supra, to "limited" jurisdiction indicates that a magistrate is without authority to take action unless the authority has been affirmatively granted. Thus, N.M. Const., Art. VI, § 31 directed the abolition of justices of the peace and the existence of "magistrate courts vested with appropriate jurisdiction." This "appropriate jurisdiction" extends, at least, to the jurisdiction of the abolished justices of the peace; § 36–1–38, N.M.S.A. 1953 (2d Repl.Vol. 6) states: "All jurisdiction, powers and duties conferred by law upon justices of the peace are transferred to the magistrate court."

The transfer provision of § 36–1–38, supra, does not show the magistrate had authority to set aside its judgment in a criminal case. "In this state a justice of the peace is without power to set aside his judgments or grant a new trial." *State v. Bolton*, 53 N.M. 256, 206 P.2d 258 (1949); see *Sanchez v. Gonzales*, 55 N.M. 303, 232 P.2d 699 (1951).

█ None of the above-cited constitutional or statutory provisions authorize a magistrate to set aside its judgment in a criminal case. No claim is made that any constitutional or statutory provision authorizes a magistrate to set aside its judgment in a criminal case. Defendant asserts a magistrate has the same authority over its judgment as does a district judge. This contention is patently without merit; a district court is a court of general jurisdiction, see N.M. Const., Art. VI, § 13; a magistrate court is a court of limited jurisdiction.

Defendant also contends that a magistrate has continuing authority over its judgment under the rules. The one criminal rule cited is Rule 38 which authorizes a magistrate to correct clerical mistakes. No clerical mistake is involved in this appeal.

One rule, not cited by defendant, indicates indirectly that a magistrate may have some continuing authority over its judgment in a criminal case. Rule 36 reads:

"Error in either the admission or the exclusion of evidence and error or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take any such action appears to the court inconsistent with substantial justice."·

There is, however, a difficulty in giving any effect to this rule in this case.

■ Section 36–9–12, N.M.S.A. 1953 (2d Repl.Vol. 6) authorizes the Supreme Court to regulate pleading, practice and procedure in the magistrate court. At the beginning of this opinion we pointed out that the applicable rules had been adopted by the Supreme Court. Rule 1(b) states that the rules "shall *not* be construed to extend or limit the jurisdiction of any court". (Our emphasis.) *State v. Bolton, supra,* held a justice of the peace had no jurisdiction to set aside a judgment or grant a new trial; "jurisdiction" was used in the sense of power or authority to act. If "jurisdiction" in Rule 1(b) is used in the same sense as "jurisdiction" in *State v. Bolton, supra,* then Rule 1(b) and Rule 36 appear to conflict. We do not attempt to resolve the apparent conflict because we have no authority to set aside rules adopted by the Supreme Court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

Assuming, but not deciding, that Rule 36 gives a magistrate some continuing control over its judgment, is there a time limitation in which the magistrate must act? This question arises because even if Rule 36 authorizes a magistrate to set aside a criminal judgment, it cannot have been contemplated that such authority could be exercised over an indefinite period of time. Rule 1(b) states the rules are to be construed "to secure the just, speedy and inexpensive determination of every magistrate court action."

■ Consistent with the direction in Rule 1(b), we hold that any continuing control over a criminal judgment conferred upon a magistrate by Rule 36 expires when the time for filing an appeal to the district court expires. Our reasoning is that such an "appeal" results in a de novo trial in the district court. N.M. Const., Art. VI, § 27; § 36–15–3, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1975). The "speedy determination" of Rule 1(b) would be violated if any Rule 36 control continued after the case could be postured for a trial de novo in the district court.

Even if defendant's motion to set aside his guilty plea was filed on August 5, 1975, the motion was filed more than fifteen days after the final order of July 14, 1975. Thus, the motion was filed after the time for appeal had expired. Rule 40(a). Even if the magistrate had some control, under Rule 36, over its July 14, 1975 final order, the magistrate's authority to act on the motion had expired before the motion was filed. The result is that the final order remains in effect.

The April, 1977 order of the district court is reversed. The cause is remanded with instructions to the district court to dismiss defendant's "appeal" to the district court and to remand the cause to the magistrate. Upon remand to the magistrate, the magistrate is instructed to vacate its order setting aside the guilty plea and then close its file, there being no further action to be taken.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.