637 P.2d 556

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Adelaida Ellen RAMIREZ, Charles McNelly and Cotton Belt Insurance Company, Defendants-Appellants.**

**No. 13575.**

Supreme Court of New Mexico.

Nov. 30, 1981.

Ken Cullen, Albuquerque, for defendants-appellants.

Michael F. McCormick, Dist. Atty., Gloria Lyons, Asst. Dist. Atty., Lovington, Jeff Bingaman, Atty. Gen., Deborah Moll, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SOSA, Senior Justice.

Defendant Ramirez (Ramirez) was arrested pursuant to an arrest warrant on March 25, 1980. The Cotton Belt Insurance Company (Insurance Company) and its agent executed a bail bond in the amount of $10,-000.00 on behalf of Ramirez, who was then

released. Ramirez failed to appear for a preliminary hearing before the magistrate court on April 24, 1980. The State made a motion that the magistrate court forfeit the bail bond. The court granted the motion, and the Insurance Company paid the bond proceeds to the State.

On July 24, 1980, the Insurance Company located Ramirez and surrendered her to the State. The following day, the Insurance Company filed a motion in magistrate court to remit or reduce the forfeiture judgment pursuant to Section 31-3-2(E), N.M.S.A. 1978. The magistrate court denied the motion on the ground that more than 30 days had elapsed since entry of the forfeiture judgment and, thus, the court was without jurisdiction to hear the motion. On appeal to the district court, the magistrate court was affirmed. We reverse.

The sole issue on appeal is whether the magistrate court lacked jurisdiction to hear the Insurance Company's motion to remit or reduce.

Magistrate courts are courts of limited original jurisdiction. N.M.Const. art. VI, § 26; § 35-1-1, N.M.S.A.1978. The reference to "limited" jurisdiction indicates that a magistrate is without authority to take action unless authority is affirmatively granted by the constitution or statutory provision. *State v. Vega*, 91 N.M. 22, 569 P.2d 948 (Ct.App.1977). In *State v. Bolton*, 53 N.M. 256, 206 P.2d 258 (1949), the Supreme Court held that magistrates (then, justices of the peace) were without power to set aside their judgments. In *Vega, supra*, the Court of Appeals held that a magistrate has continuing control over a criminal judgment only until such time as an aggrieved party's opportunity to file an appeal in district court expires. The time limitation for filing the appeal is fifteen days. § 35-13-1, N.M.S.A.1978; N.M.Magis.R.Crim.P. 41, N.M.S.A.1978 (Repl.Pamp. 1981). The same time limitation applies to civil judgments. N.M.Magis.R.Civ.P. 37, N.M.S.A.1978 (Cum.Supp.1981). Thus, a magistrate's continuing control over civil judgments expires fifteen days after entry of judgment.

The State argues that since the Insurance Company failed to make its motion within fifteen days from the entry of the forfeiture judgment, the magistrate court was without jurisdiction to hear the motion. The Insurance Company's reply is that Section 31-3-2(E) is an exception to the "continuing jurisdiction" rule. We agree.

Section 31-3-2(E) provides:

E. When a judgment has been rendered against the defendant or surety for the whole or part of the penalty of a forfeited recognizance, *the court rendering such judgment* may in its discretion remit or reduce the amount thereof when after such rendition the accused has been arrested and surrendered to the proper court to be tried on such charge, or to answer the judgment of the court. [Emphasis added.]

This language clearly indicates that the Legislature intended to affirmatively grant magistrate courts the discretion to set aside a forfeiture judgment, and remit all or part of the penalty. Since magistrate courts are given authority to set bail, N.M.Magis.R. Crim.P. 18, N.M.S.A.1978 (Repl.Pamp.1981), and to enter a judgment forfeiting the bail bond, *see* § 31-3-2(A)(2), N.M.S.A.1978, it logically follows that the magistrate court must hear a motion to remit or reduce the amount of the forfeiture judgment. Section 31-3-2(E) refers to "the court rendering such judgment." Since the magistrate court rendered the forfeiture judgment in this action, the court should have decided the Insurance Company's motion to remit or reduce.

The district court is reversed, and this cause is remanded to the magistrate court to consider the Insurance Company's motion.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.