This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39161**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CESAR ORTIZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**    Defendant appeals the district court's affirmance of a magistrate's denial of his motion to withdraw his guilty plea in two magistrate court cases. On appeal, Defendant contends (1) he was not properly advised of the immigration consequences of his guilty pleas; and (2) his waiver of counsel in one of his cases was invalid. We affirm.

**BACKGROUND**

**{2}** In January and December 2017, Defendant, a nonlegal resident living in the United States since childhood, appeared pro se and pleaded guilty to misdemeanor offenses in two magistrate court cases, M-32-MR-2016-00538 and M-32-MR-2017-00490. In each case, the magistrate court imposed a suspended sentence and placed Defendant on 364 days of supervised probation. The magistrate court discharged Defendant from probation in both cases in December 2018.

**{3}** In February 2020, Defendant attempted to file two Rule 5-803 NMRA petitions in the Twelfth Judicial District Court seeking to withdraw his magistrate court guilty pleas, challenging their constitutionality by arguing he had not been advised of the immigration consequences of his pleas. The district court rejected the filings and directed Defendant to file his motions in magistrate court. Defendant did as directed and filed motions in his magistrate court cases, one on February 20, 2020, and one on March 4, 2020. The magistrate court denied Defendant's motions on March 3, 2020, and March 5, 2020, respectively. In M-32-MR-2016-00538, the magistrate court denied Defendant's motion to withdraw the guilty plea because it was untimely and noted that "[D]efendant was advised of the possible immigration consequences per #9 of the [g]uilty [p]lea . . . [p]roceeding." In M-32-MR-2017-00490, the magistrate court similarly denied Defendant's motion as untimely.

**{4}** On March 9, 2020, Defendant appealed the orders under Rule 6-703 NMRA and alternatively under Rule 5-803 to the Twelfth Judicial District Court. The State moved the district court to dismiss both appeals for lack of subject matter jurisdiction, asserting that (1) the appeals were untimely; (2) Defendant completed serving each of his sentences; and (3) the orders were not final, intermediate, or nondispositive.

**{5}** Defendant responded that (1) the appeal was timely because it was filed within the fifteen-day window to appeal the denial of his motions to withdraw his guilty pleas and (2) the denial of his motions were final adjudications. Defendant argued in the alternative that Rule 5-803 and the district court's power of supervisory control over the magistrate court grant subject matter jurisdiction over the motions.

**{6}** The district court ruled that it had subject matter jurisdiction because Defendant's appeal was timely and the denials of the motions by the magistrate court were final orders. The district court then ordered the parties to brief the substantive issues raised by Defendant's motions.

**{7}** Defendant reasserted in his brief that he was appealing the denial of his motion to withdraw his guilty pleas, pursuant to Rule 6-703, *State v. Paredez*, 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799, and Article II, Sections 14 and 18 of the New Mexico Constitution. Alternatively, Defendant asserted his claims as a petition for post-sentence relief under Rule 5-803. Defendant maintained he "was never advised about the immigration consequences of his guilty pleas," and therefore his guilty pleas were obtained in violation of his right to due process under the New Mexico Constitution. Defendant further argued that the language in the guilty plea proceeding form in M-32-MR-2016-00538, "that a plea of guilty or no contest may have an effect upon [his]

immigration or naturalization status," was insufficient to fulfill the requirement outlined in *Paredez*—that he be provided with "specific and correct advice of immigration consequences." Finally, Defendant argued that in M-32-MR-2017-00490, the court could not find a fully knowing plea because he did not sign the waiver of counsel form when he entered his plea in that case.

**{8}** Defendant attached two affidavits to his district court briefs. One from an immigration attorney asserting Defendant is at high risk for deportation because his crimes make him an enforcement priority under current enforcement polices of the Department of Homeland Security, and another in which he asserted he would not have pleaded guilty if he had known that doing so would make him ineligible to remain in the United States.

**{9}** The district court affirmed the magistrate court's denial of Defendant's motions, finding that the magistrate court had fulfilled its duty in warning Defendant about the possible immigration consequences for both pleas. In support thereof, the district court found that Defendant did not sign the waiver of counsel form in M-32-MR-2017-00490, but did sign the waiver of counsel form in M-32-MR-2016-00538; the magistrate court signed all forms for both pleas "certifying that [it] did appropriately go through the information on those forms with . . . Defendant" by including the magistrate judge's initials next to all constitutional rights Defendant waived; and "*Paredez* . . . places no burden on the Magistrate Court outside of an admonition to Defendant that his guilty plea could affect his immigration status." (Internal quotation marks omitted.).

**{10}** The district court consolidated both cases for appeal,

## DISCUSSION

**{11}** We first address the State's claim that the district court lacked subject matter jurisdiction over Defendant's appeal under Rule 6-703(A) and Defendant's response that the district court had subject matter jurisdiction to consider his claims under Rule 6-703 or Rule 5-803. We then address whether Defendant was properly advised of the immigration consequences of his guilty pleas and waived counsel in M-32-MR-2017-00490.

## I.     Subject Matter Jurisdiction

**{12}** The State argues the district court lacked jurisdiction to consider Defendant's appeal under Rule 6-703(A) because Defendant's motion to withdraw his guilty pleas in the magistrate court were untimely and because he had already completed serving each of his sentences. Defendant responds that the district court's jurisdiction was proper under Rule 6-703 or, alternatively, under Rule 5-803. Jurisdictional issues present a question of law that we review de novo. *State v. Barraza*, 2011-NMCA-111, ¶ 5, 267 P.3d 815.

### A.     Subject Matter Jurisdiction Under Rule 6-703

**{13}** The State argues the district court lacked subject matter jurisdiction under Rule 6-703. We agree. "[T]he district court becomes a court of limited jurisdiction for the purpose of the appeal and the trial de novo" from the magistrate court. *State v. Lynch*, 1971-NMCA-049, ¶ 7, 82 N.M. 532, 484 P.2d 374. When acting as an appellate court, the district court's jurisdiction is limited by the jurisdiction of the lower court. *State v. Baca*, 1984-NMCA-096, ¶ 6, 101 N.M. 716, 688 P.2d 34. When a lower court lacks subject matter jurisdiction, the district court also lacks subject matter jurisdiction on appeal. *See id.* ¶ 10; *Lynch*, 1971-NMCA-049, ¶ 7. Therefore we first determine whether the magistrate court had subject matter jurisdiction over Defendant's motions to withdraw his guilty pleas.

**{14}** As a court of limited jurisdiction, N.M. Const. art. VI, § 26, a magistrate court lacks authority unless that authority is affirmatively granted by the Constitution or statutory provision. *State v. Ramirez*, 1981-NMSC-125, ¶ 4, 97 N.M. 125, 637 P.2d 556. Although NMSA 1978, Section 31-11-6 (1966) provides for post-conviction remedies, Subsection (G) of this statute expressly precludes its application to magistrate courts. Our Supreme Court has held a magistrate court is without authority to set aside its own judgment and grant a new trial. *State v. Bolton*, 1949-NMSC-028, ¶ 6, 53 N.M. 256, 206 P.2d 258 (discussing the extent of a magistrate court's (then called justices of the peace) authority). This Court has extended this rule to include motions to withdraw a guilty plea filed after the time allowed for a defendant to appeal the entry of judgment of the magistrate court. *State v. Vega*, 1977-NMCA-107, ¶¶ 28-30, 91 N.M. 22, 569 P.2d 948 (stating that any continuing control over a criminal judgment conferred on the magistrate court ends after the time for filing an appeal is over, and therefore the magistrate court cannot set aside a guilty plea because the magistrate's authority to act on the motion has expired).

**{15}** Defendant's motions to withdraw his guilty pleas were filed approximately two years beyond the fifteen days allotted under Rule 6-703(A) for No. M-32-MR-2017-00490, and approximately three years beyond the fifteen days allotted for No. M-32-2016-00538. Therefore, the magistrate court lacked subject matter jurisdiction over Defendant's motions. Because of that, the district court also lacked subject matter jurisdiction in its appellate capacity under Rule 6-703. *See Lynch*, 1971-NMCA-049, ¶ 7; *Baca*, 1984-NMCA-096, ¶ 10. We next determine whether the district court had subject matter jurisdiction under Rule 5-803.

## B.    Subject Matter Jurisdiction Under Rule 5-803

**{16}** "Rule 5-803 formalized the common law concept of coram nobis and is deemed to have superseded former Rule 1-060(B) [NMRA] for post-sentence matters involving criminal convictions, including the writ of coram nobis." *State v. Otero*, 2020-NMCA-030, ¶ 4, 464 P.3d 1084 (internal quotation marks and citation omitted).

**{17}** A writ of coram nobis was a common law procedure utilized in criminal cases by "one who, though convicted, is no longer in custody, to provide relief from collateral consequences of an unconstitutional conviction due to errors of fact or egregious legal

errors which are of such a fundamental character that the proceeding itself is rendered invalid, permitting the court to vacate the judgment." *State v. Tran*, 2009-NMCA-010, ¶ 15, 145 N.M. 487, 200 P.3d 537. Like the writ of coram nobis, Rule 5-803 is used by someone who is convicted and no longer in custody to attack a judgment that is based upon factual or legal errors that render the process invalid and allows a court to vacate the judgment. Rule 5-803 comm. cmt. (citing *Tran*, 2009-NMCA-010, ¶ 15).

**{18}**   Rule 5-803 grants the district court jurisdiction to hear the petition so long as it alleges violations of the Constitution or laws of the United States or New Mexico and is timely. Rule 5-803(A)-(C). This grant of original jurisdiction extends to a plea made in magistrate court. *See Ramirez v. State*, 2014-NMSC-023, ¶¶ 3-5, 18, 333 P.3d 240 (discussing a district court's review of a writ of coram nobis when the plea was made in magistrate court and instructing the district court to allow the defendant to make his claim of ineffective assistance of counsel).

**{19}**   Bearing in mind the procedural history of this case—that is, the district court's rejection of Defendant's attempt to file Rule 5-803 motions in the district court along with a directive to file his motions in the magistrate court, along with Defendant's ensuing appeals—we consider the substance of Defendant's magistrate motions in determining whether they fall under Rule 5-803. *See State v. Roybal*, 2006-NMCA-043, ¶ 17, 139 N.M. 341, 132 P.3d 598 ("[I]t is the substance of the motion, and not its form or label, that controls.").

**{20}**   Defendant argued in his magistrate court motions that his guilty pleas were obtained in violation of his right to due process and cannot be considered knowing and voluntary under the standards in *Paredez*. At the time Defendant filed his motions to withdraw his guilty pleas, he was not in custody and had completed each of his sentences. Therefore, to the extent Defendant's motions to withdraw his pleas were based on claimed due process violations, and because he first attempted to challenge validity of his magistrate court pleas in the district court, we treat them as petitions under Rule 5-803. *Tran*, 2009-NMCA-010, ¶ 15 (recognizing that "[t]he writ is available to one who, though convicted, is no longer in custody" is "asserting . . . infirmities in his guilty pleas"); *cf. State v. Gutierrez*, 2016-NMCA-077, ¶¶ 21-25, 380 P.3d 872 (describing a motion to vacate a void, criminal judgment on the basis of ineffective assistance of counsel under Rule 1-060(B)(4) as a writ for coram nobis). Because of these unusual circumstances, we will not require Defendant to refile his motions in district court, and elect to address the merits of his contentions now. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 171 N.M. 273, 871 P.2d 369 ("Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects.").

**{21}**   Finally, we cannot say that an approximate thirteen-month delay in filing the motions is untimely given previous decisions of this Court. *See Ramirez*, 2014-NMSC-023, ¶¶ 3, 18 (allowing a district court to hear the merits of a writ of coram nobis twelve years after a plea of guilty was entered); *Otero*, 2020-NMCA-030, ¶¶ 2, 16 (affirming a district court's denial of a writ of coram nobis on the merits four years after a plea of

guilty was entered and the sentence was fully served); *Gutierrez*, 2016-NMCA-077, ¶¶ 10, 46 (affirming a district court's grant of a writ of coram nobis on the merits almost nineteen months after a plea of guilty was entered and the sentence was fully served). Therefore, we hold that the district court had subject matter jurisdiction to hear Defendant's motions to withdraw his guilty pleas made in magistrate court.

**{22}** Because the district court had subject matter jurisdiction and ruled on the merits of Defendant's claims, we will review the same. *See Otero*, 2020-NMCA-030, ¶ 7.

## II.    Defendant's Waiver of His Right to Counsel

**{23}** Defendant argues that because he did not sign the waiver of counsel form during his plea in No. M-32-MR-2017-00490, the magistrate court improperly found that he waived his right to counsel in that case. The State contends that New Mexico does not require an express or written waiver of the right to counsel. The issue of whether a defendant validly waives his constitutional right to counsel is an issue of law that we review de novo. *State v. Stallings*, 2020-NMSC-019, ¶ 35, 476 P.3d 905. We hold that the district court properly found Defendant waived his right to counsel.

**{24}** "Every criminal defendant has the fundamental right to assistance of counsel at all critical stages of the case." *Stallings*, 2020-NMSC-019, ¶ 36 (citing U.S. Const. amend. VI, XIV and N.M. Const. art. II, § 14). "A fundamental right, even a constitutional right, may be waived." *State v. Thomas*, 2016-NMSC-024, ¶ 18, 376 P.3d 184. "[T]here is a presumption against the waiver of constitutional rights." *Id.* "To be valid waivers must be voluntary, knowing, and intelligent with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (alterations, omissions, internal quotation marks, and citation omitted).

**{25}** Our Supreme Court addressed a similar argument in *Stallings*. In *Stallings*, the defendant argued that his waiver of the right to counsel was not knowing, voluntary, and intelligent because he did not sign a form or orally agree to waive his right. 2020-NMSC-019, ¶ 55. Our Supreme Court held that "a defendant may knowingly and intelligently waive counsel by conduct—the waiver need not be express." *Id.* ¶ 59. So long as the trial court conducted a proper colloquy at the plea acceptance hearing where a defendant manifested an understanding of the rights being relinquished and the risks involved, the trial court can find the waiver knowing, voluntary, and intelligent even in the absence of an express waiver. *Id.*

**{26}** Like the defendant in *Stallings*, Defendant here does not challenge the adequacy of the trial court's efforts to ensure Defendant understood the dangers of self-representation, nor does Defendant argue he did not understand the warnings and risks of proceeding without counsel. *See id.* ¶ 55. In fact, the record indicates that the magistrate court certified that Defendant viewed the advice of rights video, pursuant to Rule 6-501 NMRA on the misdemeanor arraignment form; the magistrate court initialed next to each right Defendant waived and signed the guilty plea or no contest plea proceeding form; and that the magistrate court found Defendant knowingly, voluntarily,

and intelligently waived his right to counsel by signing the waiver of counsel form. Defendant only challenges the wavier on the grounds that he did not sign it. Without more, however, nothing indicates his waiver was not knowing, voluntary, and intelligent and we affirm the district's finding that Defendant waived his right to counsel in No. M-32-MR-2017-00490. *See Stallings*, 2020-NMSC-019, ¶ 60 (stating that where there is no question as to the adequacy of the trial court's warnings, a defendant's nonexplicit waiver of the right to counsel is of no consequence).

### III.  Magistrate Court's Warning for Petitioner's Immigration Status

**{27}**  Lastly, Defendant contends that he was not properly advised about the immigration consequences of his guilty plea under the standards required in *Paredez*. Defendant asserts this failure of advice denied him his constitutional right to due process, and as a result his plea could not have been knowing and voluntary. Defendant maintains that if he would have been properly informed about the immigration consequences, he would not have pleaded guilty.

**{28}**  "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Favela*, 2015-NMSC-005, ¶ 9, 343 P.3d 178 (internal quotation marks and citation omitted). "A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given." *Id.* (internal quotation marks and citation omitted). Defendant challenges his guilty pleas on the grounds that he was not properly informed of the consequences of them by the magistrate court. Whether a trial court must advise a defendant of certain consequences of a guilty plea prior to accepting the plea is an issue of law that we review de novo. *Paredez*, 2004-NMSC-036, ¶ 6.

**{29}**  Because Defendant argues the magistrate court failed to follow the standards laid out in *Paredez*, we begin our analysis here. In *Paredez*, our Supreme Court outlined clear standards for advising defendants on immigration consequences for both defense counsel and the trial court. Defense counsel is "obligated to determine the immigration status of their clients. If a client is a noncitizen, the attorney must advise that client of the specific immigration consequences of pleading guilty, including whether deportation would be virtually certain." *Id.* ¶ 19. When defense counsel gives this advice, it allows "the defendant to make a knowing and voluntary decision to plead guilty." *Id.* As such, defense counsel has an affirmative duty to determine immigration status and advise a defendant if pleading guilty would result in deportation. *See id.* ¶ 25.

**{30}**  However, our Supreme Court did not hold the trial court to the same standard required of defense counsel. Rather, a trial court's "admonition to [a d]efendant that his plea 'could' have an effect on his immigration status" is sufficient to satisfy both New Mexico's plea acceptance procedures and a defendant's right to due process. *Id.* ¶ 6. A trial court fulfills its duty when notifying a defendant that a guilty plea could affect immigration status, and is not required to do more. *Id.* ¶¶ 6, 25.

**{31}** Here, the record in both cases reveal that the magistrate court notified Defendant that his guilty pleas "may" affect his immigration status. This fulfilled the enunciated requirement on the magistrate court when accepting guilty pleas. *See id.* ¶ 6. Therefore, we hold the magistrate court properly warned Defendant about the immigration consequences of his guilty pleas.

**{32}** To the extent Defendant claims that the magistrate was also required to advise him of the specific immigration consequences of pleading guilty, including whether deportation would be virtually certain because he proceeded pro se, we disagree. *See State v. Carlos*, 2006-NMCA-141, ¶¶ 13, 17, 140 N.M. 688, 147 P.3d 897 (observing that "it is obvious that the Court in *Paredez* was not going to place the burden of knowing immigration law and the consequences of a plea of guilty on either the defendant or the district court" and addressing the defendant's *Paredez* claim under an ineffective assistance of counsel analysis).

**{33}** Here, Defendant chose to waive his right to counsel in each of his magistrate court proceedings. Once a court determines a defendant waives the right to counsel, "the court [has] no alternative but to allow [the d]efendant to proceed on his own." *State v. Rotibi*, 1994-NMCA-003, ¶ 13, 117 N.M. 108, 869 P.2d 296. As such, Defendant is prevented from arguing that he was prejudiced by counsel when proceeding pro se. *State v. Reyes*, 2005-NMCA-080, ¶ 10, 137 N.M. 727, 114 P.3d 407 (recognizing that a pro se defendant is precluded from complaining on appeal that ineffective self-representation amounts to a denial of effective assistance of counsel). "Like many pro se defendants before him, [Defendant] knew and stood on his rights and, having received his due, cannot complain." *See Stallings*, 2020-NMSC-019, ¶ 61 (internal quotation marks and citation omitted).

**{34}** As stated above, we hold that the magistrate court properly fulfilled its duty under *Paredez*. Consequently, Defendant cannot establish that his plea was not entered into knowingly, voluntarily, and intelligently. Therefore, we affirm the district court's denials of Defendant's motions to withdraw his guilty pleas.

**CONCLUSION**

**{35}** For the reasons stated above, we affirm.

**{36}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**