679 P.2d 825

**LOS ALAMOS COUNTY,**
Plaintiff-Appellee,

v.

**Jerome G. BEERY, Defendant-Appellant.**

**No. 14574.**

Supreme Court of New Mexico.

April 17, 1984.

Jerome G. Beery, pro se.

**OPINION**

WALTERS, Justice.

The sole question on appeal is whether the district court may enter an order of remand five months after it files an order dismissing a magistrate court appeal as

moot. The record on appeal consists of the magistrate court judgment and notice of appeal therefrom; the district court's order of dismissal and supplemental order of remand, and defendant's notice of appeal from the supplemental order. Appearing pro se and filing the only brief in this matter, defendant alleges that the district court had no jurisdiction to enter the remand order, but he fails to advise us why that is so.

By his citation to a single case, *State v. Ramirez*, 97 N.M. 125, 637 P.2d 556 (1981), and to NMSA 1978, Civ.P.R. 41(b) (Repl. Pamp.1980), we assume that defendant Beery contends in this appeal that no order of remand, whenever issued by the district court, could reinvest the magistrate court with jurisdiction because the district court's order of dismissal was an adjudication on the merits and totally disposed of the case, and because, as defendant states in his brief, "[a] magistrate's control over a civil judgment expires fifteen days after entry of judgment."

Defendant confuses the finality and effect of an order of dismissal in the district court in a matter arising initially in the district court, with a district court order dismissing an appeal taken from a lower court. Procedurally, the timely filing of an appeal from a judgment in magistrate court transfers the jurisdiction from the magistrate court to the district court acting as an appellate court. The district court's dismissal of the appeal has the result of affirming the magistrate court judgment. The order of remand simply returns the jurisdiction of the cause to the lower court in which it originated. *See State v. Doe*, 91 N.M. 356, 573 P.2d 1211 (Ct.App.1977).

In this case, the district court's order of dismissal was, in effect, an affirmance of the magistrate court judgment. The order of remand, although delayed, did nothing more than perform the housekeeping task of divesting the district court of its appellate jurisdiction and reinvesting it in the court of original jurisdiction, where the original judgment could be enforced. Nothing in our rules or statutes requires the mandate to be issued at any specific time after entry of judgment. We recognize the function of the mandate as the official mode of communicating an appellate court's judgment to the inferior tribunal, and as a direction to proceed in accordance with the mandate. *See Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978).

There is a statement in defendant's brief that he never appeared in district court and, consequently, was denied procedural due process and the right to be heard. That contention, whether true or not, is not subject to review. The record shows that the district court's order of dismissal was entered on January 18, 1982, and that a copy of the order was mailed to defendant. No appeal was taken from that order and the time for doing had long passed when the mandate was issued on June 30, 1982. NMSA 1978, Civ.App.R. 3 (Cum.Supp.1983).

The district court had not only the power, but the duty, to remand the case to the court from which the appeal was taken. The matter is AFFIRMED.

SOSA, Senior Justice, and RIORDAN, J., concur.