IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2014-NMCA-082

Filing Date: May 27, 2014

Docket No. 32,698

SANDY ALLEN JONES,

       Worker,

v.

HOLIDAY INN EXPRESS and
AIG CLAIMS SERVICE n/k/a
CHARTIS INSURANCE COMPANY,

       Employer/Insurer/Third-Party
       Plaintiffs-Appellees/Cross-Appellants,

v.

ALEA NORTH AMERICAN INSURANCE
COMPANY and CHUBB SERVICES
CORPORATION,

       Third-Party Defendants-Appellants/Cross-Appellees.

APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Shannon S. Riley, Workers' Compensation Judge

Mason & Isaacson, P.A.
Thomas Lynn Isaacson
Gallup, NM

for Appellees

Civerolo, Gralow, Hill & Curtis
Lawrence H. Hill
David M. Wesner
Albuquerque, NM

for Appellants

1

**OPINION**

**VIGIL, Judge.**

**{1}** This case presents an issue of first impression: whether the Workers' Compensation Administration (WCA) has jurisdiction over a controversy between workers' compensation insurers, which has no effect on the rights of the worker. The workers' compensation judge (WCJ) found that it had jurisdiction to resolve matters that were ancillary to the purpose of the Workers' Compensation Act (the Compensation Act). We disagree and reverse.

**BACKGROUND**

**{2}** Worker injured his back while working for Employer. Thirteen days before the accident, Employer changed its workers' compensation carrier from AIG Claims Services (AIG) to ALEA North American Insurance Company (ALEA). Unaware of the policy change, Employer's assistant manager gave notice to AIG of Worker's claim for benefits. Without researching whether Employer was insured through AIG at that time, an AIG claims specialist accepted the claim and began paying indemnity and medical benefits to Worker. The claims specialist also erred by miscalculating the amount of benefits to which Worker was entitled, a mistake that provided Worker with 700 weeks of benefits instead of 500 weeks. Worker and AIG subsequently entered into a stipulated order awarding Worker a lump-sum payment and benefits at the full amount for the remainder of 700 weeks.

**{3}** Approximately four years later, AIG discovered it was not Employer's insurer at the time of Worker's accident and that ALEA was the insurer. After demanding that ALEA assume responsibility for making future payments to Worker and reimburse AIG for all benefits it had paid, AIG filed a complaint in the WCA. It asked the WCJ to order ALEA to assume the obligation to pay all future benefits payments to Worker and to reimburse the payments AIG had paid, including the overpayments made due to its calculation error.

**{4}** For reasons unknown, two WCJs were involved in adjudicating this case. The first WCJ, Judge Martinez, concluded that the WCA lacked jurisdiction to determine whether ALEA must reimburse AIG for benefits it paid Worker because the claim of one insurer against another was outside a WCA's jurisdiction. However, the WCJ retained jurisdiction over the issue of which company should continue paying Worker's benefits.

**{5}** The second WCJ, Judge Riley, decided the merits of the case. In response to AIG's continued pursuit of reimbursement for indemnity benefits it paid Worker, Judge Riley concluded that Judge Martinez's order regarding the WCA's lack of jurisdiction on that issue was the law of the case. However, Judge Riley determined that it was no longer equitable for the lump-sum order to have prospective effect and ruled that ALEA would be responsible for paying Worker's *future* indemnity benefits at an amount agreed to by the parties.

**{6}** Regarding Worker's medical benefits, Judge Riley concluded that because neither

2

the lump-sum settlement nor Judge Martinez's order addressed them, she had jurisdiction to determine which carrier should be paying them. Judge Riley ordered ALEA to assume responsibility for Worker's future medical expenses and to reimburse AIG for the medical payments it had made on behalf of Worker because it was Employer's carrier at the time of Worker's accident.

**{7}** ALEA appeals the WCJ's determination that the WCA had jurisdiction to hear any of AIG's claims against ALEA. AIG cross-appeals the WCJ's determination that the WCA lacked jurisdiction over AIG's claim for reimbursement of indemnity payments. Because we conclude the WCA lacked jurisdiction over this controversy, our decision disposes of AIG's cross-appeal and makes it unnecessary to address ALEA's additional arguments that the WCJ erred on the merits.

## DISCUSSION

**{8}** This is a controversy between insurers that arose long after Worker's benefits claim had been decided. The parties do not dispute that Worker will be entitled to his past, present, and future benefits regardless of the outcome of this controversy. Thus, the only issue is whether the WCA has jurisdiction over a dispute that does not involve Worker and only involves legal issues between the insurers.

### The WCA's Jurisdiction

**{9}** It is well-settled that an agency only has jurisdiction to decide matters that the Legislature has granted it by statute. *See Morningstar Water Users Ass'n v. N.M. Pub. Util. Comm'n*, 1995-NMSC-062, ¶ 13, 120 N.M. 579, 904 P.2d 28 ("As an administrative body created by statute, the agency's authority and jurisdiction are defined by statute."); *Eldridge v. Circle K Corp.*, 1997-NMCA-022, ¶ 7, 123 N.M. 145, 934 P.2d 1074 ("Agency jurisdiction is defined by statute and the determination of whether agency jurisdiction exists in a case is a question of law."); 100 C.J.S. *Workers' Compensation* § 916 (2014) ("Workers' compensation courts are tribunals of limited and special jurisdiction and have only such authority as has been conferred on them by statute."). The statute governing the agency must confer jurisdiction over a matter "either expressly or by necessary implication." *N.M. Elec. Serv. Co. v. N.M. Pub. Serv. Comm'n*, 1970-NMSC-097, ¶ 4, 81 N.M. 683, 472 P.2d 648. Thus, the WCA, as a statutorily created agency, is an administrative agency with limited jurisdiction.

**{10}** Because the scope of the WCA's jurisdiction is statutorily defined, we examine the Workers' Compensation Administration Act (the Administration Act), NMSA 1978, §§ 52-5-1 to -22 (1987, as amended through 2013), as well as the Compensation Act, NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2013) (collectively, the workers' compensation acts) to determine the scope of the WCA's jurisdiction in this case. We apply de novo review to interpret the meaning of a statute. *Hall v. Carlsbad Supermarket/IGA*, 2008-NMCA-026, ¶ 7, 143 N.M. 479, 177 P.3d 530; *see also Eldridge*, 1997-NMCA-022, ¶ 7

3

(explaining that, although we "may accord deference to an agency's determination on factual matters involving agency expertise, [we are] not bound by the agency's interpretation of its jurisdiction"). In construing a statute, we first examine the plain meaning of the statute's words. *Grine v. Peabody Natural Res.*, 2006-NMSC-031, ¶ 17, 140 N.M. 30, 139 P.3d 190. We also "construe the provisions of [an act] together to produce a harmonious whole." *Id.* When engaging in statutory construction, our primary concern "is to determine and give effect to legislative intent." *Eldridge*, 1997-NMCA-022, ¶ 10.

**{11}**  With its creation of the WCA, the Legislature gave the WCA exclusive jurisdiction over workers' compensation cases, removing these cases from the district court's jurisdiction. *Wylie Corp. v. Mowrer*, 1986-NMSC-075, ¶¶ 1, 8, 104 N.M. 751, 726 P.2d 1381 (explaining changes in the Compensation Act to include the creation of the WCA, which divested the district court of jurisdiction over workers' compensation cases); *see also* Tracy E. McGee, *Workers' Compensation Law*, 18 N.M. L. Rev. 579, 579 n.1 (1988) (same). In creating the WCA, the Legislature declared that the purpose of the WCA is "to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers." Section 52-5-1; *see Eldridge*, 1997-NMCA-022, ¶ 23 (citing to Section 52-5-1 to declare that the WCA was created in order "to manage benefit payments to workers injured in work-related accidents by the use of specialized tribunals that could quickly and efficiently process a large volume of cases by the use of informal and expedited procedures").

**{12}**  Most states that have held that a workers' compensation agency does have jurisdiction over disputes between insurers concluded that statutes expressly conferred jurisdiction to the agency over such disputes. *See, e.g.*, *Midwest PMS v. Olsen*, 778 N.W.2d 727, 729-33 (Neb. 2010) (noting that the Nebraska workers' compensation act gave the workers' compensation court jurisdiction to resolve "any issue ancillary" to the employee's right to benefits, in addition to deciding disputed claims for workers' compensation and concluding that a dispute between insurers fell under the court's jurisdiction to resolve "ancillary" matters (internal quotation marks and citation omitted)); *see also Larkin v. Regis Hair Stylists*, 2002-127 (La. App. 3 Cir. 5/15/02); 817 So. 2d 1266, 1267-68 (noting that the Louisiana legislature amended its workers' compensation act in 1997, vesting the workers' compensation judge with exclusive jurisdiction over certain claims, including "cross-claims between employers or workers' compensation insurers for indemnification or contribution" (emphasis omitted)); *In re Comp. of Reynolds*, 638 P.2d 495, 496-97 (Or. Ct. App. 1982) (noting that the Oregon workers' compensation board formerly had jurisdiction to resolve disputes over liability between insurance carriers until the legislature amended the statute to transfer that jurisdiction to the director of the board).

**{13}**  In New Mexico, our workers' compensation acts do not have any such express provision granting the WCA jurisdiction over this type of dispute between insurers. The express terms of the Administration Act limit the WCA to resolving disputes that arise under the Compensation Act. Specifically, Section 52-5-5(A) provides that a party may file a claim in the WCA for a dispute that "arises under the . . . Compensation Act" or the New

4

Mexico Occupational Disease Disablement Law, NMSA 1978, §§ 52-3-1 to -60 (1945, as amended through 2013), which is not at issue here because Worker received benefits for an occupational injury, not an occupational disease.

{14}     The Compensation Act solely covers claims for compensation by workers who are accidentally injured or killed in the scope and course of their employment and provides the exclusive remedies for these workers. Section 52-1-9 (listing the claims the Compensation Act covers); § 52-1-6(E) (providing the exclusivity of the remedies). Under the Compensation Act "an injured worker gives up his or her right to sue the employer for damages in return for an expedient settlement covering medical expenses and wage benefits, while the employer gives up its defenses in return for immunity from a tort claim." *Morales v. Reynolds*, 2004-NMCA-098, ¶ 6, 136 N.M. 280, 97 P.3d 612. "The underlying purpose of the . . . Compensation Act is to protect the workman from becoming a public charge upon the welfare rolls." *Wylie Corp.*, 1986-NMSC-075, ¶ 5.

{15}     By its terms, a dispute between insurers is simply not the type of claim the Compensation Act covers since it does not involve or affect a worker's claim for compensation. It is not enough that this dispute between insurers generally relates to a workers' compensation claim. This case contemplates complex legal issues that the WCA was simply not designed to adjudicate. *See Eldridge*, 1997-NMCA-022, ¶ 23 (stating that "the expertise and procedural advantages of the WCA in handling a typical workers' compensation case afford the WCJ no advantage in resolving a common law claim").

{16}     Other jurisdictions facing the issue before us have similarly determined that the WCJ lacks jurisdiction over matters absent express statutory authority. *See, e.g.*, *Knight Props., Inc. v. Sanders*, 2010-CA-00404-COA (¶ 9) (Miss. 2011) (holding that the workers' compensation commission lacked jurisdiction over one insurer's claim for reimbursement from another insurer because the relevant statute did not authorize the commission to try equitable and legal issues involved when one carrier mistakenly pays benefits for which another carrier is responsible); *Medley v. Salvation Army*, 267 N.W.2d 201, 202 (S.D. 1978) (holding that the workers' compensation commission lacked jurisdiction to settle a dispute between two insurers because the right of the worker to receive payment was not at issue); *Attebery v. Griffin Constr. Co.*, 312 P.2d 598, 607 (Kan. 1957) (noting that the workers' compensation act was concerned with addressing claims involving the employer's liability to the worker "and not to the settlement of independent controversies which may arise between the various insurance carriers"); *see generally* 4 Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation, § 92.42, at 17-54 (1994) (explaining that many states confer jurisdiction over disputes between workers' compensation insurers to courts when the rights of a worker are not at issue).[1] We are persuaded by the reasoning in this line of cases.

---

[1]Our research revealed only two cases from other jurisdictions in which a court recognized jurisdiction in a workers' compensation agency over disputes between insurers without express statutory language conferring such jurisdiction. *See Toenberg v. Harvey*,

5

Absent express statutory language conferring jurisdiction over an independent dispute between insurers, we conclude the WCA lacks such jurisdiction.

**{17}** AIG cites to no provision in the Administration Act or the Compensation Act that expressly confers jurisdiction to the WCA over disputes between insurers. Instead, AIG argues that Sections 52-1-4(C), 52-5-9, and 52-5-17, imply the Legislature's intent that the WCA have jurisdiction over this type of case. We disagree. First, Section 52-1-4(C) is wholly unrelated to the WCA's jurisdiction as it sets forth the requirements for employers' insurance carriers. *Id.* (requiring that contracts, policies, or certificates of insurance coverage provide that the insurer or the employer will be directly and primarily liable to pay benefits that are the responsibility of the employer). Second, Section 52-5-17 provides employers who have paid an injured workers' benefits with the right of a cause of action for subrogation in cases in which the worker is injured by the negligence of a third party. The Legislature enacted this Section to prevent a worker's double-recovery of compensation. *Draper v. Mountain States Mut. Cas. Co.*, 1994-NMSC-002, ¶ 7, 116 N.M. 775, 867 P.2d 1157. Section 52-5-17 simply does not cover other types of claims for reimbursement. Finally, while Section 52-5-9 does permit a WCJ to modify or terminate its prior compensation order if certain conditions are met, we disagree with AIG that it implies the Legislature's intention for the WCJ to have jurisdiction over a party that was not a party to the original order in a dispute that has no effect on a worker's right to benefits.

**{18}** Construing these provisions as AIG argues would be contrary to the Legislature's expressed intention that the WCA handle claims that arise under the Compensation Act. This dispute does not arise under the Compensation Act simply because it involves workers' compensation insurers or because it involves a workers' compensation order. *See* 82 Am. Jur. 2d Workers' Compensation § 488 (2014) ("Typically, if an issue arises out of a workers' compensation act, jurisdiction is vested in the compensation commission or tribunal, but if it merely relates to the compensation claim, the commission does not have subject matter

---

49 N.W.2d 578, 583 (Minn. 1951) (stating that because the workers' compensation commission had the power to make adjustments in matters involving employers and insurers, it found no sensible reason to settle a dispute between carriers in a separate action); *Hartford Accident & Indem. Co. v. Tri-State Cas. Ins. Co.*, 235 P.2d 703, 704 (Okla. 1951) (reasoning that the state district court lacked jurisdiction to adjudicate a dispute between two insurance carriers because an insurer's liability existed only by virtue of the workers' compensation law, over which the workers' compensation agency had exclusive jurisdiction); *but see Knight Props.*, 2010-CA-00404-COA (¶ 9) (explaining that "practically all of the cases from other states reached the opposite conclusion" from *Toenberg* (internal quotation marks and citation omitted)); 4 Larson & Larson, *supra*, note 49, at 17-57 (describing *Hartford* as apparently "out of line with the majority of cases"). However, we are unpersuaded by the reasoning in these cases because we conclude it is insufficient for the dispute to simply involve workers' compensation insurers if it is not the type of dispute that arises under the Compensation Act.

jurisdiction.").

**{19}** AIG is in effect asking this Court to rewrite language in our workers' compensation acts, which we have no authority to do. "Courts must construe statutes as they find them and may not amend or change them under the guise of construction." 82 C.J.S. *Statutes* § 370 (2014); *see State v. Frawley*, 2007-NMSC-057, ¶ 30, 143 N.M. 7, 172 P.3d 144 (stating that "courts have an obligation to avoid judicial legislation" and recognizing that courts have refused to rewrite statutes (internal quotation marks and citation omitted)); *Martinez v. Sedillo*, 2005-NMCA-029, ¶ 7, 137 N.M. 103, 107 P.3d 543 ("We will not rewrite a statute."). Since the WCA is a creature of the Legislature, we cannot expand the WCA's jurisdiction over matters unless the Legislature expressly granted the WCA jurisdiction or jurisdiction can be found by necessary implication. *See N.M. Elec. Serv. Co.*, 1970-NMSC-097, ¶ 4; *Varos v. Union Oil Co. of Cal.*, 1984-NMCA-091, ¶ 6, 101 N.M. 713, 688 P.2d 31 ("It is the province of the [L]egislature to make changes in the provisions of statute law."); *see also* 82 C.J.S. *Statutes* § 370 ("Courts . . . may not extend, expand, or broaden the applicability or scope of a statute[.]"). Having found no provision in the workers' compensation acts that expressly grants the WCA jurisdiction over such disputes, nor any provision that gives the WCA jurisdiction to resolve matters ancillary to the purpose of the Compensation Act, we cannot expand the WCA's jurisdiction to include such matters. We conclude that the WCA lacks jurisdiction over this dispute since it is not a claim that "arises under the . . . Compensation Act." *See* § 52-5-5.

**CONCLUSION**

**{20}** We reverse the workers' compensation order and remand with instructions to dismiss AIG's complaint for lack of jurisdiction.

**{21}** **IT IS SO ORDERED.**

                               _____

                               **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**M. MONICA ZAMORA, Judge**