IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: December 2, 2014

**NO. 32,917**

**CITY OF ALBUQUERQUE,**

Respondent,

v.

**AMERICAN FEDERATION OF STATE,**
**COUNTY AND MUNICIPAL EMPLOYEES**
**Local 1888, et.al.,**

Petitioners.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ted C. Baca, District Judge**

City of Albuquerque
David Tourek, City Attorney
Rebecca E. Wardlaw, Assistant City Attorney
Samantha M. Hults, Assistant City Attorney
Albuquerque, NM

French & Associates, P.C.
Paula I. Forney
Stephen G. French
Albuquerque, NM

for Respondent

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
James Montalbano
Albuquerque, NM

for Petitioners

**OPINION**

**GARCIA, Judge.**

{1}     We granted the American Federation of State, County, and Municipal Employees' (AFSCME) petition for writ of certiorari. AFSCME seeks review of a district court order that affirmed in part and reversed in part the administrative decision made by the Public Employee Labor Relations Board (the PELRB). The district court determined that the PELRB properly dismissed AFSCME's prohibited practice complaints against the City of Albuquerque (the City) because the PELRB did not have jurisdiction to hear those complaints. The district court also ruled that the PELRB had no authority to "remand" the dismissed prohibited practices complaints to the City's Labor Management Relations Board (the LMRB).

{2}     The critical issue involves the grandfather status of the LMRB under the Public Employee Bargaining Act (the PEBA). For approximately eighteen months, the LMRB was not functioning to resolve employee complaints because the board was missing one of its required three members. AFSCME asserted that the PELRB had jurisdiction under the PEBA to hear the prohibited practice complaints filed during the time period that the LMRB was not functioning. Alternatively, AFSCME asserts that the PELRB has jurisdiction to remand these specific prohibited practice complaints directly to the LMRB once it began to function again. Under the

undisputed factual circumstances presented for review, we affirm.

**BACKGROUND**

**The Complaints**

{3}    AFSCME represents the City's employees in their collective bargaining and labor disputes with the City. Between September 2010 and June 2011, AFSCME filed several prohibited practice complaints against the City. It did not file these complaints with the LMRB, but instead filed them directly with the PELRB. It alleged in these complaints that the PELRB had jurisdiction to hear them because the LMRB had been "non-functional since December, 2009."

**The PELRB's Dismissal and Remand**

{4}    The City asked the PELRB to dismiss the subject complaints that were filed directly with the PELRB. It argued that the City was not subject to the PELRB's jurisdiction because it has grandfather status under the PEBA and the LMRB has exclusive jurisdiction to hear those complaints against the City that AFSCME filed with the PELRB.

{5}    The PELRB's hearing officer recommended that the complaints be dismissed. He concluded that the PELRB did not have jurisdiction over the complaints because, at the time of his recommendation, the LMRB had resumed functioning to process

2

employee complaints against the City. In reaching this conclusion, the PELRB hearing officer suggested that the PELRB would have jurisdiction over the complaints if the LMRB was not "productive" or "functioning" at the time of his recommendation. The hearing officer also recommended that the complaints be "remanded" to the LMRB. The PELRB then issued a final decision that adopted the hearing officer's recommendations to dismiss the complaints and remand them to the LMRB.

**The City's Appeal to the District Court**

{6}     The City appealed the PELRB's decision to the district court. It argued that the PELRB had no jurisdiction to hear the complaints—even if LMRB was not hearing them at the time of the PELRB decision—and thus, it had no authority to remand the complaints to the LMRB. The district court agreed with the City that the PELRB did not have jurisdiction to hear the complaints and that it also lacked authority to remand the complaints to the LMRB. It effectively rejected the argument that the PELRB could exercise any type  of jurisdiction over the complaints at the time the PELRB decision was rendered.

**DISCUSSION**

{7}     In its brief in chief, AFSCME renews the arguments it made in front of the

3

PELRB and the district court. It argues that the PELRB may assume jurisdiction over complaints involving a public employer entitled to grandfather status under the PEBA when that employer's labor relations board is not operating at the time, and thus, that the PELRB also had the authority to remand the complaints to the LMRB once it returned to an operating status.

**I.      General Principles and Standard of Review**

{8}      "Administrative bodies are the creatures of statutes." *Pub. Serv. Co. of N.M. v. N.M. Envtl. Improvement Bd.*, 1976-NMCA-039, ¶ 7, 89 N.M. 223, 549 P.2d 638. They can act only on matters that are within the scope of the authority that a statute has delegated to them "either expressly or by necessary implication." *Jones v. Holiday Inn Express*, 2014-NMCA-082, ¶ 9, 331 P.3d 992 (internal quotation marks and citation omitted); *see Pub. Serv. Co. of N.M.*, 1976-NMCA-039, ¶ 7.

{9}      Whether an administrative body has acted beyond the scope of its authority is a question of statutory construction that we review de novo. *See Jones*, 2014-NMCA-082, ¶ 10; *Leonard v. Payday Prof'l/Bio-Cal Comp.*, 2008-NMCA-034, ¶ 11, 143 N.M. 637, 179 P.3d 1245. When construing a statute, we "determine and give effect to legislative intent" by looking to the plain meaning of the statute's words and reading its provisions "together to produce a harmonious whole." *Jones*, 2014-

NMCA-082, ¶ 10 (internal quotation marks and citations omitted). We begin by looking to the state and local labor laws involved in this case.

## II.    The City's Labor-Management Relations Ordinance

{10}    In the early 1970's, Albuquerque's city council adopted an ordinance governing the "[l]abor-[m]anagement [r]elations" between the City and its employees (the LMRO). *See* Albuquerque, N.M., Ordinances ch. 3, art. II, §§ 3-2-1 to -18 (1971, as amended through 2002). Among other things, the LMRO gives City employees the right to organize for the purpose of collectively bargaining with the City. Albuquerque, N.M., Ordinances ch. 3, art. II, §§ 3-2-2(A) and 3-2-3. And the LMRO prohibits the City and its employees from engaging in certain conduct, which it calls, "prohibited practices." Albuquerque, N.M., Ordinance ch. 3, art. II § 3-2-9.

{11}    The LMRO requires that a three-member board "be formed[] to assist in the implementation and administration of the [ordinance]." Albuquerque, N.M., Ordinance § 3-2-15. When a City employee believes that the City has engaged in a "prohibited practice," he or she must submit a complaint to the LMRB within thirty days from the date that the alleged prohibited practice occurred. Albuquerque, N.M., Ordinance § 3-2-9(D). The City has five days to answer this complaint and, within five days of the City's answer, the LMRB must schedule a hearing. *Id.* Although the

5

LMRO provides an avenue for the City or an employee to appeal the LMRB's decision, Albuquerque, N.M., Ordinance § 3-2-10(D), it does not identify or provide a specific remedy where the LMRB fails to timely render a decision.

**III.    The PEBA**

{12}    About twenty years after the City adopted its LMRO, the Legislature first enacted a statewide labor-management relations law for public employees (the PEBA). *See City of Albuquerque v. Montoya*, 2012-NMSC-007, ¶ 9, 274 P.3d 108. The PEBA "guarantees public employees the right to organize and bargain collectively with their employers." *Id.* (alteration, internal quotation marks, and citation omitted); *see* NMSA 1978, § 10-7E-2 (2003). And it created the statewide PELRB.  NMSA 1978, § 10-7E-8(A) (2003). The PELRB "has the power to enforce provisions of the [PEBA.]" NMSA 1978, § 10-7E-9(A), (F) (2003).

{13}    The PEBA includes a grandfather clause for public employers who, like the City, had adopted their own collective bargaining systems before the PEBA was enacted. NMSA 1978, § 10-7E-26(A) (2003); *Montoya*, 2012-NMSC-007, ¶ 9. This grandfather clause allows a public employer to "continue to operate under [its own] provisions and procedures" where two conditions are met. Section 10-7E-26(A). The first condition is that the public employer must have "adopted by ordinance,

6

resolution[,] or charter amendment a system of provisions and procedures permitting employees to form, join[,] or assist a labor organization for the purpose of bargaining collectively." *Id.*; *see Montoya*, 2012-NMSC-007, ¶ 10. The second condition is that this system must have been adopted before October 1, 1991. Section 10-7E-26(A); *see Montoya*, 2012-NMSC-007, ¶ 10. Additionally, if a grandfathered public employer's pre-existing ordinance, resolution, or charter amendment "substantial[ly] change[s] after January 1, 2003[,]" the grandfathered public employer must comply with additional provisions enumerated in Section 10-7E-26(B) of the PEBA. Section 10-7E-26(A). Thus, as long as a public employer's system of provisions and procedures meets the two conditions for grandfather status and the written policy adopting that system has not substantially changed after January 1, 2003, the employer does not have to comply with any other provisions of the PEBA. *Id.*; *see Montoya*, 2012-NMSC-007, ¶¶ 9, 11 (stating that Section 10-7E-26(A) is a "grandfather clause" that "remove[s] from the statute's reach a class that would otherwise be encompassed by its language" (internal quotation marks and citation omitted)); *see also City of Deming v. Deming Firefighters Local 4521*, 2007-NMCA-069, ¶ 6, 141 N.M. 686, 160 P.3d 595 (recognizing that if the grandfather clause applies, "the PEBA does not apply").

7

**{14}**   The PEBA defines "collective bargaining" as "the act of negotiating between a public employer and an exclusive representative for the purpose of entering into a written agreement regarding wages, hours[,] and other terms and conditions of employment[.]" NMSA 1978, § 10-7E-4(F) (2003) (internal quotation marks and citation omitted). The PEBA does not require grandfathered public employers, whose collective bargaining systems have not substantially changed after January 1, 2003, to have local boards that are actively adjudicating employee grievances.

**IV.   Analysis**

**{15}**   AFSCME does not dispute that the City's LMRO is entitled to grandfather status under the PEBA and that the LMRO has not substantially changed since January 1, 2003. Instead, AFSCME points to the PEBA's language that allows grandfathered public employers to "continue to operate" under their pre-existing systems. *See* § 10-7E-26(A). It submits that this language implies that the PELRB could hear complaints involving grandfathered public employers if the local boards created under those systems were not in fact "operating" or "functioning" to hear complaints. We disagree.

**{16}**   The PELRB was created by the PEBA and its authority is limited to those matters that the PEBA has delegated to it "either expressly or by necessary

8

implication." *Jones*, 2014-NMCA-082, ¶ 9 (internal quotation marks and citation omitted); *see Pub. Serv. Co. of N.M.*, 1976-NMCA-039, ¶ 7; *see also* § 10-7E-8(A) (creating the PELRB). The PEBA does not expressly delegate any authority to the PELRB to hear complaints involving grandfathered public employers. But, by implication, the PELRB has the power to determine in the first place whether a public employer or aspects of its labor relations system meet the conditions for grandfather status. *See Deming Firefighters Local 4521*, 2007-NMCA-069, ¶ 14 ("[T]he PELRB has the initial ability to determine its jurisdiction[.]").

{17}    Once the determination is made that a public employer and its labor relations system has grandfather status and that its collective bargaining system has not substantially changed after January 1, 2003, no other provision of the PEBA applies to that employer. *Id.* ¶ 6 (explaining that if the grandfather clause applies, "the PEBA does not apply"). And, if the public employer is not subject to the terms of the PEBA, then the PELRB has no jurisdiction to hear its complaints because the PELRB can only enforce the PEBA— it cannot enforce the LMRO. *See* § 10-7E-9(F) (noting that the PELRB "has the power to enforce provisions of the [PEBA]"); *Regents of Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 4, 125 N.M. 401, 962 P.2d 1236 (recognizing that the "PEBA created the PELRB, whose function is the

9

administration of [the] PEBA"); *Deming Firefighters Local 4521*, 2007-NMCA-069, ¶ 6 ("[B]ecause the PEBA does not apply, the [PELRB] does not have jurisdiction.").

{18}     We therefore agree with the district court's conclusion that the PELRB did not have jurisdiction to hear AFSCME's complaints and that it did not act "in accordance with law" when it remanded the complaints to the LMRB. *See Regents*, 1998-NMSC-020, ¶ 16 (recognizing that a court may reverse the PELRB's actions where those actions are "arbitrary, capricious[,] or an abuse of discretion; . . . not supported by substantial evidence on the record taken as a whole; or . . . otherwise not in accordance with law"). Complaints cannot be "remanded" to a tribunal if they did not originate there. *See Black's Law Dictionary* 1102 (abridged 9th ed. 2010) (defining "remand" as meaning "[t]o send (a case or claim) back to the court or tribunal from which it came for some further action"); *see also Mid-Ohio Liquid Fertilizers, Inc. v. Lowe*, 469 N.E.2d 1019, 1021 (Ohio Ct. App. 1984) ("To remand is to *send back*. Further, the term implies that what is being sent back is returned *from where it came*. 'Remand' is subject to no other construction."); *Los Alamos Cnty. v. Beery*, 1984-NMSC-050, ¶ 3, 101 N.M. 157, 679 P.2d 825 (stating that an "order of remand simply returns the jurisdiction of the cause to the lower court in which it originated"). And the PEBA does not grant the PELRB the authority, either expressly or by necessary

10

implication, to transfer complaints against a public employer to other tribunals. *See* §10-7E-9 ("Board; powers and duties.").

{19} We note that this decision is limited to the narrow issue of jurisdiction under the PEBA. AFSCME has not challenged whether the City's LMRO continued to be entitled to grandfather status because the LMRB was not "operating" for over eighteen months. It also did not raise any arguments involving due process, equity, or other legal principles. Thus, we do not address these issues. *See State v. Bell*, 2014-NMCA-___, ¶ 19, ___ P.3d ___ (No. 31,890, Sept. 9, 2014) ("We do not address issues or questions unraised by litigants."). AFSCME has not asked this Court to review the decision of the PELRB under a legal principle that might allow us to employ the right-for-any-reason doctrine. Under the circumstances, we will not consider any other legal principle under the theory that the PELRB decision was right for any reason. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (stating that appellate courts, will not assume the role of the fact finder and delve into fact-dependent inquiries for purposes of a "right for any reason" analysis).

**V.      AFSCME's Lack of Any Remedy Argument**

{20} We disagree with AFSCME's final argument that the district court's decision will result in "an impossible legal vacuum" and create a "right without a remedy."

11

NMSA 1978, Section 44-2-4 (1984) provides an example of at least one action that a union may take when a local board is not functioning: When "any inferior tribunal, corporation, *board*[,] or person" fails to perform its duties, the affected parties may apply to the district court for a writ of mandamus to compel that public body to act. *Id.* (emphasis added) (providing that the "[p]urpose" of a mandamus writ is "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station" and that it "may require an inferior tribunal to . . . proceed to the discharge of any of its functions"). AFSCME does not discuss or argue the availability of this or any other potential remedy.

**CONCLUSION**

{21}     The order entered by the district court is affirmed.

{22}     **IT IS SO ORDERED.**

_____
                            **TIMOTHY L. GARCIA, Judge**

12

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**

13