2005-NMCA-029

107 P.3d 543

**Yvonne MARTINEZ, Petitioner–Appellant,**

v.

**The Hon. Frank SEDILLO, Metropolitan Court Judge, Respondent–Appellee.**

**No. 24,399.**

Court of Appeals of New Mexico.

Jan. 18, 2005.

Patricia A. Madrid, Attorney General, Frank D. Weissbarth, Assistant Attorney General, Santa Fe, NM, for Appellee.

Teresa E. Storch, New Mexico Legal Aid, Inc., Claude Eugene Vance, The Vance Law Firm, P.A., Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Chief Judge.

{1} In this appeal, we address the jurisdiction of the metropolitan court under the Mobile Home Park Act (MHPA), NMSA 1978, §§ 47–10–1 to 47–10–23 (1983, as amended through 1997). Petitioner Yvonne Martinez rented a mobile home lot in a mobile home park in Albuquerque. The landlord brought an action to terminate Petitioner's rental agreement by filing a notice of termination of the rental agreement in metropolitan court. The metropolitan court, through Judge Frank Sedillo, Respondent, concluded that the landlord had not provided Petitioner proper notice to terminate the rental agreement, but without request by the landlord, enjoined Petitioner from having social gath-

erings or guests and from consuming alcoholic beverages on the premises. The metropolitan court based its jurisdiction on both the MHPA and the Uniform Owner–Resident Relations Act (UORRA), NMSA 1978, §§ 47–8–1 to 47–8–52 (1975, as amended through 1999). Petitioner filed a petition for a writ of mandamus in district court to restrict the metropolitan court's order because it lacked jurisdiction to issue an injunction. The district court concluded that the metropolitan court had jurisdiction and denied the petition, also relying on the MHPA and the UORRA. We hold that the metropolitan court has jurisdiction under the MHPA to issue an injunction to enjoin a party to a mobile home lot rental agreement from violating the rental agreement or the MHPA and affirm. We do not address the issue of jurisdiction under the UORRA.

*Jurisdiction of the Metropolitan Court in This Case*

{2} The issue in the case arises because of the lack of specific language granting jurisdiction to the metropolitan court to issue an injunction. The New Mexico Constitution grants the legislature the authority to create magistrate courts to exercise limited original jurisdiction. N.M. Const. art. VI, §§ 1, 26. The statute conferring civil jurisdiction to magistrate courts includes cases "in which the debt or sum claimed does not exceed ten thousand dollars ($10,000), exclusive of interest and costs." NMSA 1978, § 35–3–3(A) (2001). It specifically denies jurisdiction "to grant writs of injunction, habeas corpus or extraordinary writs." Section 35–3–3(C)(6). The legislature expressly granted the metropolitan court the jurisdiction of magistrate courts, as well as jurisdiction over other matters not pertinent to this case. NMSA 1978, § 34–8A–3(A) (2001). The metropolitan court has jurisdiction over "civil actions in which the debt or sum claimed does not exceed ten thousand dollars ($10,000), exclusive of interest and costs." Section 34–8A–3(A)(2). Thus, to the extent the magistrate court has jurisdiction under the MHPA, the metropolitan court also has jurisdiction. Therefore, our reference to the jurisdiction of the magistrate court in this opinion also

includes the jurisdiction of the metropolitan court.

{3} Petitioner argues that the metropolitan court did not have the authority to grant the injunction in this case without a clear expression of legislative intent. She contends that the New Mexico Constitution vests the sole jurisdiction to grant an injunction with the district courts and that the proper way to read any difference in the statutes is to harmonize them such that "litigants who wish to sue for damages which exceed $10,000 or injunctive relief can do so in the district court, and litigants requesting relief which is not prohibited in the courts of limited jurisdiction may do so in either the district or magistrate [or metropolitan] court." We address these arguments, and the issue of the metropolitan court's jurisdiction, as matters of statutory construction, which we review de novo. *See State v. McClendon*, 2001–NMSC–023, ¶ 2, 130 N.M. 551, 28 P.3d 1092 (stating that statutory construction is a pure question of law, which is subject to de novo review).

{4} As a court of limited jurisdiction, the metropolitan court's authority is restricted to authority affirmatively granted by the constitution or statute. *State v. Ramirez*, 97 N.M. 125, 126, 637 P.2d 556, 557 (1981); *State v. Vega*, 91 N.M. 22, 25, 569 P.2d 948, 951 (Ct.App.1977). The constitution affords the legislature the ability to confer jurisdiction upon courts of original limited jurisdiction. N.M. Const. art. VI, §§ 1, 26. The legislature acts affirmatively by enacting a statute. Therefore, the issue before us is whether the legislature intended to confer jurisdiction to the metropolitan court to issue an injunction with the adoption of the MHPA.

{5} In enacting the MHPA, the legislature included a specific provision concerning subject matter jurisdiction. Section 47–10–10(D) reads:

The management or the resident may bring a civil action for violation of the rental agreement or any violation of the Mobile Home Park Act in the appropriate court of the county in which the mobile home park is located. Either party may

recover actual damages, or, the court may in its discretion award such equitable relief as it deems necessary, including the enjoining of either party from further violations.

{6} To ascertain the intent of the legislature in enacting this provision, we look principally to the plain language of the statute, using the ordinary meaning of the statutory language unless the statute indicates a different intent. *See High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599. With Section 47–10–10(D), the legislature created the remedy for violation of the MHPA or of a rental agreement subject to the MHPA and granted the remedy of an injunction to prevent further violation, in addition to other remedies, including damages. It enabled a party to a rental agreement to bring a civil action "in the appropriate court of the county in which the mobile home park is located." *Id.* Although the legislature did not specifically mention a court of limited jurisdiction, its language cannot reasonably be interpreted otherwise. The legislature clearly gave the court in which the action could be brought the authority to issue an injunction. The only courts within a county that have original jurisdiction such that they could be "appropriate" under Section 47–10–10 are the district and magistrate courts. The statutory language "the appropriate court" indicates the availability of more than a single court and does not indicate an intent to limit jurisdiction only to the district court. The only conclusion we can reach from the language of Section 47–10–10(D) is that the legislature intended "the appropriate court" to include the magistrate court and the district court and to be based on the jurisdictional monetary limitations of the magistrate court as a court of limited jurisdiction.

{7} If we were to interpret this language of Section 47–10–10(D) to mean that an action under the MHPA must be brought in the district court, as Petitioner would apparently contend, the plain language of Section 47–10–10(D) would not make sense as written. Such an interpretation would require us to rewrite Section 47–10–10(D) so that either (1) the "appropriate court" would mean only the "district court" as discussed; or (2) the word "court" in the second sentence would not refer to "the appropriate court of the county in which the mobile home park is located" in the first sentence, but would refer only to the "district court of the county in which the mobile home park is located." We will not rewrite a statute. *James v. N.M. Human Servs. Dep't*, 106 N.M. 318, 320, 742 P.2d 530, 532 (Ct.App.1987).

{8} We are mindful that there are times when the plain meaning of a statute may not indicate the true legislative intent because of latent ambiguity or intent indicated by "equity, legislative history, or other sources." *State v. Smith*, 2004–NMSC–032, ¶ 9, 136 N.M. 372, 98 P.3d 1022 (internal quotation marks and citation omitted); *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 354, 871 P.2d 1352, 1360 (1994). Petitioner makes such an argument based on the general grant of authority to magistrate courts in Section 35–3–3, which excludes the authority to grant injunctive relief, as well as Article VI, Section 13, which grants the district courts the power to issue writs of injunction. As we have noted, Petitioner contends that we can harmonize the statutes by interpreting them to allow only the district court to issue injunctive relief under the MHPA.

{9} However, in order to harmonize the statutes as Petitioner suggests, we would have to read Section 47–10–10(D) to restrict the ability to issue an injunction to the district court. Not only does the plain language of Section 47–10–10(D) read to the contrary, but the legislature's expressed intent does not have any latent ambiguity, particularly when read in conjunction with the UORRA. *See Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992) ("A fundamental rule of statutory construction is that all provisions of a statute, together with other statutes in pari materia, must be read together to ascertain the legislative intent."). Although the UORRA governs the rights and obligations of owners and residents of "dwelling units," Section 47–8–2, and the MHPA governs tenancy in a "mobile home park," Section 47–10–2(C), the legislature has linked the two acts. *See* § 47–8–52 ("Unless a provision of the [MHPA] directly conflicts with

the provisions of the [UORRA], the provisions of the [UORRA] shall apply to mobile home park owners and residents."). The MHPA provides that an "action for termination shall be commenced and prosecuted in the manner described" in the UORRA. Section 47–10–4(A). Section 47–8–10(A) grants a district or magistrate court personal jurisdiction under the UORRA for claims "with respect to any conduct" governed by the UORRA or "arising from a transaction subject to" the UORRA. The legislature could reasonably have decided to allow a magistrate court, which could decide a termination case under the MHPA and which could decide a case involving monetary damages not exceeding $10,000, exclusive of interest and costs, to also grant injunctive relief in the same case, if the circumstances were appropriate.

{10} With regard to Petitioner's concern about the constitutional grant of injunctive authority to the district courts, even though Article VI, Section 13 grants district courts the power to issue writs of injunction, the constitution does not limit such power to the district courts. Article VI, Section 13 does not preclude the legislature from exercising the constitutional authority under Article VI, Sections 1 and 26 to grant such authority to courts of limited jurisdiction.

■ {11} As to Petitioner's reading of the grant of magistrate court jurisdiction, although a grant of injunctive authority under the MHPA may appear to be contrary to Section 35–3–3, Section 47–10–10(D) addresses the specific ability of a court of limited jurisdiction to issue an injunction for a violation of the MHPA. Section 35–3–3 is a general statutory provision concerning jurisdiction. As matter of statutory. construction, we will give effect to the specific of two conflicting statutes, unless they can be harmonized. *State v. Cleve*, 1999–NMSC–017, ¶ 17, 127 N.M. 240, 980 P.2d 23; *State v. Wilkins*, 88 N.M. 116, 119, 537 P.2d 1012, 1015 (Ct.App. 1975) (stating that "before applying a special statute over a general statute the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy") (internal quotation marks and citation omitted).

■ {12} As a separate point in her brief in chief, Petitioner argues, based on *State v. Bailey*, 118 N.M. 466, 882 P.2d 57 (Ct.App. 1994), that the metropolitan court did not have jurisdiction to grant an injunction because of the lack of any procedure for it to follow in granting such relief and that the metropolitan court could not issue an injunction on its own, without notice to Petitioner. In *Bailey*, a criminal case, this Court held that a district court did not have the authority to issue an injunction prohibiting a defendant convicted of Motor Vehicle Code violations from operating a motor vehicle until he complied with the licensing and registration provisions of the Code. *Id.* at 467, 882 P.2d at 58. We stated that the Code provided specific language for its enforcement. *Id.* We further stated that the constitutional authority of Article VI, Section 13 did not, in and of itself, provide the authority for the district court to issue the injunction without proper legal process and notice. *Bailey*, 118 N.M. at 467–68, 882 P.2d at 58–59.

{13} *Bailey* does not apply to this case. First, as opposed to the Motor Vehicle Code, the MHPA provides the statutory authority for the court to issue an injunction. Second, the landlord filed a notice of non-compliance with the rental agreement to commence this case. This filing provided Petitioner with notice that the landlord contended that she was violating the rental agreement because she "created disturbances with other tenants in our park." Section 47–10–10(D) specifically addresses violations of a rental agreement. Because it grants discretionary injunctive relief against further violation of an agreement, it provided Petitioner notice of the possibility that the court could issue an injunction. *Cf. State v. Cooley*, 2003–NMCA–149, ¶ 12, 134 N.M. 717, 82 P.3d 84 (stating that enactment of a statute limiting the amount of sentence credit a defendant can receive for good behavior, when he has been convicted of a violent offense, should have put the defendant on notice that it would apply to his case when the statute had been in effect for three years prior to the defendant's conviction).

*Conclusion*

{14} We conclude that the metropolitan court has the authority to issue an injunction

with regard to a violation of the MHPA or a rental agreement under the MHPA under Section 47–10–10(D). We affirm the order of the district court denying the petition for a writ of mandamus.

{15} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CELIA FOY CASTILLO, Judges.