**Certiorari Denied, August 14, 2015, No. 35,417**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2015-NMCA-085**

**Filing Date:  June 25, 2015**

**Docket No. 33,801**

**JULIAN SEGURA, CHRISTOPHER DIXON,
and KEVIN J. MEYN, in their own behalf and
in behalf of similarly situated persons,**

> **Plaintiffs-Appellants,**

**v.**

**J.W. DRILLING, INC., a New Mexico corporation,**

> **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Raymond L. Romero, District Judge**

Templeton & Crutchfield, P.C.
C. Barry Crutchfield
Lovington, NM

Riojas Law Firm, P.C.
Robert E. Riojas
El Paso, TX

Michael T. Milligan
El Paso, TX

for Appellants

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Charles J. Vigil
Jeffrey L. Lowry
Albuquerque, NM

Hennighausen & Olsen, L.L.P.

Kenneth B. Wilson
Roswell, NM

for Appellee

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     Julian Segura, Christopher Dixon, and Kevin J. Meyn (Workers), in their own behalf and on behalf of similarly situated persons, filed a complaint alleging that J.W. Drilling, Inc. (Employer), failed to pay them for overtime wages for the time spent traveling from their homes to Employer's job sites. Employer moved for summary judgment on the ground that such time was not compensable under New Mexico's Minimum Wage Act (MWA), NMSA 1978, §§ 50-4-19 to -30 (1955, as amended through 2013). Workers appeal the district court's grant of summary judgment in favor of Employer. We affirm.

**BACKGROUND**

**{2}**     Workers are former employees of Employer, a contractor that performed oil field drilling and related work in the Permian Basin in southeastern New Mexico and west Texas. Workers were paid hourly wages as non-exempt employees. Based in Artesia, New Mexico, Employer hired employees there and "dispatch[ed] them on day trips requiring travel to and from the job sites of at least one hour per day."

**{3}**     Workers brought suit against Employer seeking unpaid overtime compensation, liquidated damages, injunctive relief, and attorney fees for themselves and other employees similarly situated under the MWA. Workers' complaint alleged that "[Employer's] method of operation made travel a part of their employees' duties and a term of their employment relationship" and that Employer "engaged in a continuing course of conduct . . . pursuant to which they only paid employees from the arrival time to the departure time at the remote work locations, even though travel time caused the employees to work more than 40 hours per week." Workers asserted that they were " 'traveling employees' within the meaning of New Mexico common law[.]" Workers asserted that under Section 50-4-22(D) of the MWA, they "had a right to compensation at one and one-half times their regular[] hourly rates for all hours worked in excess of 40 hours" during a seven day period. *See* Section 50-4-22(D) ("An employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours."). Since Employer had not paid Workers for the time spent traveling to the job sites, they asserted that Employer is "liable to them for their overtime compensation and also the mandatory liquidated damages" provided for in the MWA.

**{4}**     Employer moved for summary judgment. *See* Rule 1-056 NMRA. For purposes of

2

the motion, Employer accepted the basic facts set out in Workers' complaint. After a hearing, the district court granted the motion and dismissed the complaint. This appeal followed.

## DISCUSSION

**{5}** "When a party actually admits, for purposes of the summary judgment motion, the veracity of the allegations in the complaint, a reviewing court should consider the facts pleaded as undisputed and determine if a basis is present to decide the issues as a matter of law." *GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 13, 124 N.M. 186, 947 P.2d 143 (alteration, internal quotation marks, and citation omitted). Generally, "New Mexico courts . . . view summary judgment with disfavor, preferring a trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280.

**{6}** The parties agree that the essential legal question posed by the complaint is "whether travel time is compensable under the [MWA]." Because Workers' complaint states that the travel at issue is "travel to and from the job sites," and their briefs do not mention travel between job sites, we understand their argument to be focused on travel from their homes to one job site and back each day. Workers make two arguments. First, they argue that the district court erred in relying on case law construing a federal statute to construe the MWA. Second, they argue under the MWA their travel time to the job sites is compensable when it exceeds the "normal commute" time. We address these arguments in turn.

**{7}** In their first argument, Workers contrast the MWA with its federal counterpart, the Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201 to 219 (1938, as amended through 2012). They note that a portion of the FLSA, the Portal-to-Portal Act, excludes from compensable time the time spent traveling from home to the place of an employee's "principal activity." *See* 29 U.S.C § 254(a). Specifically, the Portal-to-Portal Act provides that

> Except as provided in subsection (b) of this section, no employer shall be subject to any liability or punishment under the [FLSA] . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for . . .
>
> > (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> >
> > (2) activities which are preliminary to or postliminary to said principal activity or activities[.]

*Id.*

3

**{8}** Workers argue that the district court erred "by engrafting onto the [MWA] the [Portal-to-Portal Act] making all travel non-compensable, even round trips nearly equal to a day of work[.]" They maintain that the MWA, passed eight years after the Portal-to-Portal Act, has no similar express exclusion, and thus the district court erred in relying on federal case law interpreting the Portal-to-Portal Act.

**{9}** Workers' claims are based entirely on the MWA. Although several New Mexico cases refer to federal law as persuasive authority in interpreting the MWA, in those cases the MWA and the FLSA had similar provisions. *See, e.g.*, *Garcia v. Am. Furniture Co.*, 1984-NMCA-090, ¶ 13, 101 N.M. 785, 689 P.2d 934 (stating that because the definitions in the MWA "are similar to definitions in the Fair Labor Standards Act of 1938. . . . it is appropriate to look to decisions of federal courts determining the meaning of 'employ' in the federal statute, and to consider those federal decisions as persuasive authority in deciding the meaning of 'employ' in the New Mexico statute"); *Sinclaire v. Elderhostel, Inc.*, 2012-NMCA-100, ¶ 6, 287 P.3d 978 (discussing the FLSA and the MWA provisions related to the definition of a work week). However, when the language of the MWA and the FLSA differ, we treat federal case law differently. In *New Mexico Department of Labor v. Echostar Communications Corp.*, for example, this Court declined to rely on cases interpreting the FLSA in part because the language in the MWA and FLSA differed. 2006-NMCA-047, ¶ 12, 139 N.M. 493, 134 P.3d 780. Here, the exclusions in the Portal-to-Portal Act are completely absent from the MWA. There being no analogue in the MWA, the interpretations of the Portal-to-Portal Act in case law are unhelpful. Thus, to the extent the district court relied on federal law interpreting the Portal-to-Portal Act to decide this case, we agree that it erred. Federal law does not answer the issue presented by this case.

**{10}** We turn to Workers' argument that their travel time is compensable under the MWA. Workers first argue that employees like them are entitled to compensation for their travel time because they are "traveling employees." The "traveling employee" concept to which Workers refer is derived from workers' compensation law. Under that body of law, employees generally are not considered within the course of their employment when they are on their way to work or returning home from work. *See* NMSA 1978, § 52-1-19 (1987). This is known as the "going and coming rule." *Ramirez v. Dawson Prod. Partners, Inc.*, 2000-NMCA-011, ¶ 7, 128 N.M. 601, 995 P.2d 1043. However, when travel is an integral part of the employee's duties and a benefit to the employer, the employee will be considered within the course of employment the entire time he or she is traveling. *Id.* ¶ 11. This is known as the "traveling employee" exception to the "going and coming rule." *Id.* Workers urged the district court and now urge this Court to import the traveling employee exception from workers' compensation law into the context of wage and hour law. They note that the rationale for the traveling employee exception is that the travel is occasioned by and solely for the benefit of the employer. They argue that their travel here is similarly for the benefit of the employer and, therefore, should be compensable.

**{11}** We decline to apply the traveling employee concept in this context. Workers compensation law is "sui generis" and New Mexico courts have repeatedly declined to

4

mingle its principles with those in other areas of law. For instance, in *Lessard v. Coronado Paint & Decorating Center, Inc.*, this Court stated that although "similar principles may support [applying the going and coming rule] in [the context of workers' compensation and tort law]," the going and coming rule in workers' compensation law was inapplicable to scope of employment analyses in tort law because "the policies served by the two areas of law differ, and application of the rule in each context has produced analyses that differ from each other." 2007-NMCA-122, ¶ 9, 142 N.M. 583, 168 P.3d 155. Similarly, this Court declined to import principles related to traveling employees from workers' compensation law into vicarious liability analyses, concluding that "workers' compensation cases involving 'traveling employees' are not helpful to our analysis of common-law vicarious liability." *Ovecka v. Burlington N. Santa Fe Ry. Co.*, 2008-NMCA-140, ¶ 13, 145 N.M. 113, 194 P.3d 728; *see also Rivera v. N.M. Highway & Transp. Dep't*, 1993-NMCA-057, ¶¶ 14-15, 115 N.M. 562, 855 P.2d 136 (stating that the "rationale for allowing workers' compensation benefits for accidents arising from horseplay is unique to workers' compensation cases" and that the "rationale does not apply outside the workers' compensation context"); *Aragon v. Furr's, Inc.*, 1991-NMCA-080, ¶ 4, 112 N.M. 396, 815 P.2d 1186 (stating that statutes of limitation related to other causes of action were irrelevant because workers' compensation law is "sui generis"); *Wampler Foods, Inc. v. Workers' Comp. Div.*, 602 S.E.2d 805, 817-18 (W. Va. 2004) (stating that workers' compensation law "stands alone from all other areas of the law, causing decisions rendered in the workers' compensation realm to be almost wholly unusable in any other area of the law, and vice-versa"); *cf. Olson v. Trinity Lodge No. 282, A. F. & A. M.*, 32 N.W.2d 255, 257 (Minn. 1948) ("Compensation acts are sui generis, and care must be taken not to defeat their purpose by applying, through long judicial habit, concepts belonging to fundamentally different fields of litigation.").

**{12}**    In a more general argument, Workers ask this Court to hold that "all employee travel beyond a normal commute [i]s compensable, regardless of who owns the vehicle." As support, Workers direct us to the Employee Commuting Flexibility Act (ECFA), a 1996 amendment to the Portal-to-Portal Act, which states that

> the use of an *employer's vehicle* for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the *normal commuting area* for the employer's business or establishment *and the use of the employer's vehicle is subject to an agreement* on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a) (emphasis added); Small Business Job Protection Act of 1996, Pub. L. No. 104-188, §§ 2101-2103, 110 Stat. 1755. They also cite a U.S. Department of Labor (DOL) opinion letter issued in 1999 interpreting the ECFA, in which the DOL addressed whether "time spent in driving [in the employer's vehicle] between the [employee's] home and the job site [would] constitute hours worked." Opinion Letter Fair Labor Standards Act (FLSA), 1999 WL 1002360, at **1-2. In the letter, the DOL stated that

5

where a[n employee's] commute to the first job site in the morning takes four hours, we would consider the greater portion of travel time compensable under the principles described in 29 CFR 785.37. That rule allows a portion of the total commute time to be considered non-compensable home-to-work travel. If the employer treated three of the four hours as compensable travel, we would not question such practice.

*Id.* at *2. Workers argue that the MWA should be interpreted consistently with the DOL's interpretation of the ECFA.

**{13}** The problem for us with this argument is that it is based on explicit language in the federal statute. As already discussed, there simply is no similar language in the MWA. Instead, the MWA is silent on travel time, whether within a "normal commute" or otherwise. *See, e.g.*, § 50-4-21 (not defining "travel time," "hours worked," or "work" in the definitions); Section 50-4-22 (not addressing travel time).

**{14}** Although Workers argue that the absence of language similar to the Portal-to-Portal Act in the MWA indicates that travel time is compensable under the MWA, Workers also appear to acknowledge the general rule that commuting time to and from a job site is not compensable absent an agreement to the contrary. Even the United States Supreme Court cases they cite in their favor distinguish between travel from home to the employer's property and travel once on the property. *See Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 599 (1944) (stating that the travel at issue took place on the employer's property and "[bore] no relation whatever to [the employees'] needs or to the distance between their homes and the mines."), *superseded by statute as stated in Ford v. Houston Indep. Sch. Dist.*, ___ F. Supp. 3d ___, 2015 WL 1246780; *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 166 (1945) (distinguishing "[t]hose who are forced to travel in underground mines in order to earn their livelihood" from "the ordinary workman on his way to work"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 691 (1946) (stating that "the walking time [on the employer's property, which was at issue] differed vitally from the time spent in traveling from workers' homes to the factory"); *see also* 1 Wage & Hour Law § 6:38 (2015) ("Ordinary travel from home to work does not require compensation. This is still true even if the employer's worksite is a moving site." (footnote omitted)). Since the MWA is silent on this issue, Workers are, in essence, asking this Court to fashion out of whole cloth a new scheme, similar to the ECFA, that alters the general rule and declares some commuting time compensable.

**{15}** Under our rules of construction, "[i]f the Legislature is silent on an issue, we look at the overall structure and function of the statute, as well as the public policy embodied in the statute." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917. The purpose of the MWA is "to safeguard existing minimum wage and overtime compensation standards which are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hours standards which do not provide adequate standards of living." Section 50-4-19. Holding that some portion of employees'

6

travel time is compensable would likely further this goal. But to do what Workers ask would require us to resolve a number of policy questions as to the scope of compensable time. The effect of such an effort—in the face of legislative silence—would be to amend the current statutory language. This we are loath to do. " 'Courts must construe statutes as they find them and may not amend or change them under the guise of construction.' " *Jones v. Holiday Inn Express*, 2014-NMCA-082, ¶ 19, 331 P.3d 992 (quoting 82 C.J.S. *Statutes* § 370 (2014)); *Gonzalez v. Performance Painting, Inc.*, 2013-NMSC-021, ¶ 53, 303 P.3d 802 (Daniels, J., specially concurring) (stating that "judges are not legislators"); *Martinez v. Sedillo*, 2005-NMCA-029, ¶ 7, 137 N.M. 103, 107 P.3d 543 ("We will not rewrite a statute."); *City of Albuquerque v. Sanchez*, 1970-NMCA-023, ¶ 5, 81 N.M. 272, 466 P.2d 118 ("[T]his is a situation which calls for legislative therapy and not judicial surgery."), *overruled on other grounds by State v. Ball*, 1986-NMSC-030, ¶ 39, 104 N.M. 176, 718 P.2d 686.

**CONCLUSION**

**{16}**   For the foregoing reasons, we affirm the district court's grant of summary judgment to Employer.

**{17}   IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**