This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41024**

**RUBY BERNICE CARMONA,**

Plaintiff-Appellant,

v.

**ABQ 24 HOUR TOWING, LLC,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosie Lazcano Allred, Metropolitan Court Judge**

Ruby Bernice Carmona
Albuquerque, NM

Pro Se Appellant

Thunberg Law, PC
Erik B. Thunberg
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}**     Plaintiff, Ruby Bernice Carmona, a pro se litigant, appeals the metropolitan court's order dismissing her case without prejudice for lack of jurisdiction over her complaint. We issued a notice proposing to summarily reverse the metropolitan court's jurisdictional assessment and remand for further proceedings. Defendant filed a response to our notice that objected to reversal on grounds that the parties have settled the matter, and it moved to dismiss the appeal. Plaintiff filed an answer opposing dismissal. Neither party responded to the merits of our proposed jurisdictional analysis. We reverse the metropolitan court's order dismissing the case for lack of jurisdiction and

deny the motion to dismiss, reserving all matters related to the parties' settlement agreement for the metropolitan court.

**{2}** Because neither party has raised an argument opposing our proposed analysis reversing the metropolitan court's decision that it lacked jurisdiction, we treat their silence as an acceptance of our proposed analysis. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."); *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{3}** As we explained in our notice, Plaintiff's claim in metropolitan court stated an action in replevin. *See* NMSA 1978, § 35-11-1 (1975) ("Whenever any personal property is wrongfully taken or detained, the person having a right to immediate possession may bring a civil action of replevin for recovery of the property and for damages sustained from the wrongful taking or detention."). Magistrate courts have jurisdiction over replevin actions. *See* § 35-11-1; NMSA 1978, § 35-11-3 (1975) ("In any replevin action in the magistrate court, judgment may be entered for the plaintiff granting the plaintiff the property, or its fair market value in case a delivery cannot be made, and damages for the wrongful taking or detention of the property by the defendant."). And, "[t]he [L]egislature expressly granted the metropolitan court the jurisdiction of magistrate courts." *Martinez v. Sedillo*, 2005-NMCA-029, ¶ 2, 137 N.M. 103, 107 P.3d 543 (citing NMSA 1978, § 34-8A-3(A) (2001)). Thus, under Sections 34-8A-3(A), 35-11-1, and 35-11-3, we conclude the metropolitan court has jurisdiction over replevin actions and, where appropriate, may grant a plaintiff immediate possession of property wrongfully taken or other remedy arising under a replevin action that is within the jurisdiction of the magistrate court.

**{4}** On these grounds, we reverse the metropolitan court's order of dismissal and remand to address any further proceedings, including matters related to the parties' release agreement.

**{5}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**