The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: **December 4, 2024**

**No. A-1-CA-41007**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SHAWN TYLER MORTENSEN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Felicity Strachan, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**YOHALEM, Judge.**

{1}     Defendant Shawn Tyler Mortensen entered a guilty plea in the district court, waiving his right to appeal his conviction and sentence. Defendant was sentenced to twelve years of incarceration, within the three- to twenty-year range allowed by the plea agreement. Defendant nevertheless has appealed to this Court. Our Supreme Court has held that an unconditional plea waives a defendant's right to challenge their sentence on direct appeal. The sole exception is if the district court lacked subject matter jurisdiction to impose the sentence. *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 9, 17, 146 N.M. 251, 208 P.3d 896. Defendant claims that the district court's mention of race at his sentencing hearing was such an egregious violation of the Fifth and Fourteenth Amendments to the United States Constitution that it amounts to jurisdictional error. We do not agree. In New Mexico, only a sentence that is not authorized by statute implicates the jurisdiction of the sentencing court. *See id.* ¶ 14. We therefore dismiss this appeal. We note that our decision is not intended to prevent Defendant from filing a petition for habeas corpus or from seeking other post-judgment relief.

**BACKGROUND**

{2}     Defendant entered into a plea agreement with the State whereby he agreed to plead guilty to two counts of criminal sexual contact of a minor (CSCM) (clothed)

(child under 13); one count of CSCM (unclothed), contrary to NMSA 1978, Section 30-9-13(A), (B)(1) (2003); and one count of abuse of a child (no death or great bodily harm), contrary to NMSA 1978, Section 30-6-1(D), (E) (2009). The plea agreement reflected a significant reduction in the charges against Defendant, which originally included two counts of criminal sexual penetration of a minor (under age 13) (CSPM), contrary to NMSA 1978, Section 30-9-11(D)(1) (2009), and an additional count of CSCM (unclothed). The plea agreement provided that Defendant would serve a total of three to thirty years, with the period of incarceration not to exceed twenty years at initial sentencing. The agreement also provided that "Defendant specifically waives Defendant's right to appeal as long as the court's sentence is imposed according to the terms of this agreement."

{3}     Following a lengthy sentencing hearing where opposing views were presented by the witnesses as to the appropriate length of incarceration given the trauma suffered by the victim, Defendant's eleven-year old daughter, the district court sentenced Defendant to fifteen years in prison. Defendant filed a motion to reconsider his sentence, arguing that some testimony was not reliable, that waiting to release him from incarceration until the victim was an adult was unreasonable, and that he had been denied due process and equal protection because there was a disparity between his sentence and the sentence given to other defendants in Bernalillo County, New Mexico, who had been convicted of CSCM in the past year.

{4}     The district court held a hearing on Defendant's motion to reconsider, during which the judge reflected on the factors she considered in her initial sentencing determination, before reducing Defendant's term of incarceration from fifteen to twelve years. Defendant objects to the following statement made by the district court during the court's explanation of her thinking in imposing the fifteen-year sentence. The district court stated:

> And while I understand that, you know, it is helpful and, it's something that I need to consider if someone does have a job and whether they have life status, if they're able to support themselves when they get out, it's also something where I can consider if, [Defendant] was, you know, a homeless man, a person of color who was, staying with his dying wife and that this happened to his kid[s]. I'm not sure what the sentence would be in that case.
>
> And so this is stuff I was considering at the time [of imposition of the fifteen-year sentence].

{5}     Defendant filed this appeal, arguing that the quoted statement by the sentencing judge violated Defendant's right to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

**DISCUSSION**

{6}     Defendant asks this Court to decide the constitutional challenge to his sentence that he raises on appeal, to vacate his sentence, and to remand for resentencing by a different judge, claiming that an alleged violation of his constitutional rights to due process and equal protection is a jurisdictional question. Defendant argues that his challenge can, therefore, be raised for the first time on

3

appeal, despite the appeal waiver in his plea agreement. We conclude that a sentence entered in conformity with a plea agreement that waives the right to appeal can be appealed only if the district court lacked subject matter jurisdiction to impose that sentence. We do not agree with Defendant that an alleged constitutional violation in the sentencing procedure deprives the district court of subject matter jurisdiction. We, therefore, affirm the district court's judgment and sentence. We note that our decision does not prevent Defendant from filing a petition for habeas corpus or from seeking other post-judgment relief.

**I.      A Valid Plea of Guilty Waives the Right to Appeal All Nonjurisdictional Defects and Errors Not Otherwise Reserved**

{7}      Our Supreme Court has held that an unconditional plea—a plea that does not reserve specific issues for appeal—together with a waiver of the right to appeal waives a defendant's right to challenge either their conviction or their sentence on direct appeal. *See Chavarria*, 2009-NMSC-020, ¶¶ 9, 17. "[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1. "Thus, a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal [their] conviction on other than jurisdictional grounds.

4

*Id.*; *see also State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 ("[A] plea of guilty does not waive jurisdictional errors.").

{8} Defendant does not question the breadth of his waiver of his right to appeal, or claim that he reserved any issues for appeal, pursuant to Rule 5-304(A)(2) NMRA (allowing a defendant to enter into a conditional guilty plea, reserving particular issues for appeal). Defendant also does not claim that his waiver was involuntary or that he was inadequately informed of its consequences. In other words, he knowingly and intelligently waived his right to appeal any sentence entered by the district court and the only condition on that waiver was that the sentence imposed would be between three and twenty years of incarceration. The sentence imposed by the district court after the hearing on Defendant's motion for reconsideration was twelve years of incarceration, a period significantly less than the twenty-year maximum agreed to by Defendant. Thus, the appeal waiver in the plea is binding unless the district court was without jurisdiction to impose the sentence.

## II.    Subject Matter Jurisdiction in Sentencing Decisions

{9} Questions regarding subject matter jurisdiction are questions of law, which we review de novo. *State v. Montoya*, 2008-NMSC-043, ¶ 9, 144 N.M. 458, 188 P.3d 1209. As already noted, jurisdictional error in sentencing is reviewable for the first time on appeal, even if the defendant has entered a plea unconditionally waiving their right to appeal the sentence. Jurisdictional error refers to an action taken by a

court that does not have the power to adjudicate the question involved. *See State v. Bailey*, 1994-NMCA-107, ¶ 10, 118 N.M. 466, 882 P.2d 57. The sole question on appeal, then, is whether the district court had the authority to proceed as it did, even if its decision was in error or was an abuse of the court's discretion. "The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether [the matter before the court] falls within the general scope of authority conferred upon such court by the constitution or statute." *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 12, 120 N.M. 133, 899 P.2d 576 (internal quotation marks and citation omitted).

{10} In the arena of criminal sentencing, "[i]t has long been recognized in this state that it is solely within the province of the Legislature to establish penalties for criminal behavior." *State v. Mabry*, 1981-NMSC-067, ¶ 18, 96 N.M. 317, 630 P.2d 269. "A trial court's power to sentence is derived exclusively from statute." *State v. Martinez*, 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747). A sentence that is not authorized by the sentencing statute is treated by our Supreme Court as jurisdictional error, which will be reviewed on direct appeal, even though the right to appeal is not reserved in a plea agreement, or the error is not preserved by an objection in district court. *See Chavarria*, 2009-NMSC-020, ¶¶ 13-14.

{11} In this case, the district court had subject matter jurisdiction. Defendant makes no claim that the sentence imposed was not authorized by state statute. *See id.* ¶ 14

6

(holding that a sentence alleged to violate the federal or state constitution's cruel and unusual punishment clause does not implicate the subject matter jurisdiction of the sentencing court); *see also State v. Trujillo*, 2002-NMSC-005, ¶ 64 n.4, 131 N.M. 709, 42 P.3d 814 (distinguishing a claim of cruel and unusual punishment under a state or federal constitution from a sentence that is not authorized by statute).

{12}     Defendant argues that any mention of race in sentencing is so egregious that it amounts to jurisdictional error. This argument reflects an outdated understanding of subject matter jurisdiction. *See Bailey*, 1994-NMCA-107, ¶¶ 10-11 (recognizing the characterization of egregious judicial acts as "in excess of jurisdiction" is not consistent with the modern definition of subject matter jurisdiction). Merely alleging that an error is egregious or violates a constitutional provision other than one conferring jurisdiction on a court does not establish a challenge to the subject matter jurisdiction of the court to impose the sentence. Nor do the cases that Defendant cites address situations involving plea agreement appeal waivers or hold that reference to race considerations in relation to sentencing deprives the sentencing court of subject matter jurisdiction.

{13}     A sentencing court's discretion may be limited by both statutory and constitutional provisions. *See Pepper v. United States*, 562 U.S. 476, 489 n.8 (2011). Where, however, a defendant has knowingly and voluntarily waived their right to appeal in return for the benefits of a plea agreement, and has agreed to the imposition

of a sentence, we do not review the exercise of the district court's discretion to impose a sentence within the agreed range—only the district court's authority to decide the matter. *See Chavarria*, 2009-NMSC-020, ¶ 14.

{14}    We note, as did our Supreme Court in *Chavarria*, that there are post-judgment remedies that may be available to a defendant who claims that their sentence is the result of an error of law, as relevant here, "a defendant may be eligible to file: . . . a writ of habeas corpus on the grounds that his sentence is 'illegal or in excess of the maximum authorized by law,'" Rule 5-802(A) NMRA, ". . . or a post-conviction motion on the grounds that 'the sentence was imposed in violation of the constitution of the United States, or of the constitution or laws of New Mexico.'" NMSA 1978, § 31-11-6 (1966).

**CONCLUSION**

{15}    For the reasons stated, we dismiss Defendant's appeal.

{16}    **IT IS SO ORDERED.**

_____

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

_____
**JACQUELINE R. MEDINA, Judge**

_____
**KATHERINE A. WRAY, Judge**